UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

*In re:*

**DOUGLAS J. FILARDO,**

                              **Debtor.**

-------------------------------------------------------------------x

                                                      **Chapter 13**
                                                      **Case No.: 8-21-71691-REG**

### NOTICE OF MOTION OBJECTING TO PROOF OF CLAIM #8-1 FILED BY STAR AUTO SALES OF QUEENS, LLC d/b/a STAR SUBARU

**PLEASE TAKE NOTICE,** that upon the Application of Douglas J. Filardo, by his attorneys, The Law Office of Ronald D. Weiss, P.C., and the Affidavit of Douglas J. Filardo duly sworn to the 16th day of November, 2021, a hearing will be held on **December 20th, 2021 at 9:30 a.m.** (the "Hearing Date"), or as soon thereafter as counsel can be heard, before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Room 860, Central Islip, New York 11722-9013, for the entry of an Order: (i) disallowing Proof of Claim #8-1 filed by Star Auto Sales of Queens, LLC d/b/a Star Subaru in the sum of $3,499,924.40 pursuant to 11 U.S.C. § 502(b), Bankruptcy Rule 3007 and EDNY LBR 3007-1; and (ii) granting such other and further relief as to this Court deems just and proper.

       **PLEASE TAKE FURTHER NOTICE,** that pursuant to E.D.N.Y. LBR 9006-1(a), any objection or response (the "Objections") to the Motion must be made in writing, must state the standing of the objectant, state with particularity the grounds for the objection, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order 559. (General Order 559 and the User's Manual for the Electronic Case Filing System can be found at

www.nyeb.uscourts.gov, the official Web-site of the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch diskette, CD or DVD preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word-processing format (with a hard-copy delivered directly to the Chambers of the Hon. Robert E. Grossman, at the above address), and must be served in accordance with General Order 559 upon: (i) The Law Office of Ronald D. Weiss, P.C., Counsel to the Debtor, Douglas J. Filardo, 734 Walt Whitman Road, Suite 203, Melville, NY 11747 Attn: Ronald D. Weiss, Esq., (ii) Michael J. Macco, Chapter 13 Trustee, 2950 Express Drive South, Suite 109, Islandia, New York 11749 and (iii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, NY 11722, so as to be filed and actually received no later than December 13th, 2021 at 5:00 p.m. on that day (the "Objection Date").

**PLEASE TAKE FURTHER NOTICE**, that if no objections are received by the Objection Date, the relief requested in the Application may be granted without a hearing.

Dated: Melville, New York
       November 16th, 2021

                              **THE LAW OFFICE OF RONALD D. WEISS, P.C.**
                              **Attorneys for Debtor, Douglas J. Filardo**

                              **By:** */s/ Ronald D. Weiss*
                                    **Ronald D. Weiss**
                                    **734 Walt Whitman Road**
                                    **Suite 203**
                                    **Melville, NY 11747**
                                    **(631) 271-3737**

**TO:    OFFICE OF THE UNITED STATES TRUSTEE**
           **560 Federal Plaza**
           **Central Islip, N. Y. 11722**

**MICHAEL J. MACCO, CHAPTER 13 TRUSTEE**
2950 Express Drive South
Suite 109
Islandia, NY 11749


**STAR AUTO SALES OF QUEENS, LLC**
**d/b/a STAR SUBARU**
**c/o**
**BERGER, FISCHOFF, SHUMER**
**WEXLER & GOODMAN, LLP**
6901 Jericho Turnpike
Suite 230
Syosset, NY 11791
Attention: Gary C. Fischoff, Esq.

**STAR AUTO SALES OF QUEENS, LLC**
**d/b/a STAR SUBARU**
**c/o**
**MILMAN LABUDA LAW GROUP PLLC**
3000 Marcus Avenue
Suite 3W8
Lake Success, NY 11042
Attention: Joseph M. Labuda, Esq.

**STAR AUTO SALES OF QUEENS, LLC**
**d/b/a STAR SUBARU**
**c/o**
**MILMAN LABUDA LAW GROUP PLLC**
3000 Marcus Avenue
Suite 3W8
Lake Success, NY 11042
Attention: Jamie S. Felsen, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

                                                                    Chapter 13

*In re:*                                          Case No.: 8-21-71691-REG

**DOUGLAS J. FILARDO,**

                                      **Debtor.**
----------------------------------------------------------------x

**APPLICATION IN SUPPORT DEBTOR'S MOTION FOR AN ORDER
DISALLOWING PROOF OF CLAIM #8-1 FILED BY STAR
AUTO SALES OF QUEENS, LLC d/b/a STAR SUBARU**

**TO:**    **THE HONORABLE ROBERT E. GROSSMAN
UNITED STATES BANKRUPTCY JUDGE:**

Douglas J. Filardo, the Chapter 13 Debtor (the "Debtor") herein, by his attorneys, The Law Office of Ronald D. Weiss, P.C., as and for his Application in support of the entry of an Order: (i) disallowing Proof of Claim #8-1 filed by Star Auto Sales of Queens, LLC d/b/a Star Subaru in the sum of $3,499,924.40 pursuant to 11 U.S.C. § 502(b), Bankruptcy Rule 3007 and EDNY LBR 3007-1; and (ii) granting such other and further relief as to this Court deems just and proper respectfully represents as follows:

## BACKGROUND

1. On September 27, 2021, (the "Filing Date"), the Debtor filed a voluntary petition for relief from his creditors under Chapter 13 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code").

2. Michael J. Macco, Esq. is the Chapter 13 Trustee, duly qualified and acting as such.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Chapter 13 case and of this objection is properly before the Court pursuant to 28 U.S.C. § 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The statutory predicates for the relief requested herein are §§ 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Bankruptcy Rule E.D.N.Y. LBR 3007-1.

## RELIEF REQUESTED

4. The bar date for filing Proofs of Claims against this Bankruptcy Estate was set by the Clerk of the Bankruptcy Court in this Chapter 13 case for December 6, 2021. The bar date for governmental units was set for March 26, 2022. Star Auto Sales of Queens, LLC d/b/a Star Subaru ("Star Subaru") filed a proof of claim number 8-1 in the sum of $3,499,924.40 on November 2, 2021. A copy of this Proof of Claim without Exhibits as per EDNY LBR 3007-1 is annexed as **Exhibit "A"**.

5. Pursuant to § 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto. Moreover, under Bankruptcy Rule 3001(f), a Proof of Claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Unless objected to, the proof of claim of Star Subaru will be considered valid.

6. Accordingly, the Debtor hereby objects to Proof of Claim #8-1 filed by STAR Subaru under 11 U.S.C. § 502(b)(1), as same is unenforceable against the Debtor under applicable non-Bankruptcy Law.

7. In reviewing Star Subaru's Proof of Claim, same is composed of three distinct parts, delineated as follows: Compensation Paid to Filardo by Star Subaru in the sum of

$1,701,892.49; Advertising Money Debtor Stole from Star Subaru in the sum of $1,419,874.33 and Filardo's Theft of Cash From Star Subaru Customers in the sum of $378,157.08. All of the aforementioned are detailed in the Affidavit of Star Subaru's Office manager, Jacqueline Cutillo (the "Cutillo Affidavit"), duly sworn to the 27th day of September, 2021.

      **a. Compensation Paid to Filardo by Star Subaru in the sum of $1,701,892.49**

8. According to Paragraphs 5-7 of the Cutillo Affidavit, Star Subaru asserts that the Debtor committed an act of "disloyalty" by being paid compensation for the period of November 25, 2008 to December 1, 2017. The Debtor has completely disputed this allegation, as any and all compensation the Debtor worked for and earned as a w-2 employee of Star Subaru. See Affidavit of Douglas J. Filardo (the "Filardo Affidavit") annexed to this Application

      *9.* Moreover, in the state court action commenced by Star Subaru entitled *Star Auto Sales of Queens, LLC d/b/a Star Subaru v. Douglas Filardo and Subaru Motorsports d/b/a Motorsports Advertising* pending in Supreme Court, State of New York, County of Queens under Index # 717443/2017 (the "State Court Action"), Star Subaru asserted in their Amended Complaint filed on March 1, 2018 a Second Cause of Action for the breach of the duty of loyalty, claiming that Star Subaru was entitled to recover damages, including but not limited to the return of wages, bonuses and other compensation paid to the Debtor Filardo. Star Subaru's attempts to capture these wages as a component of their proof of claim appears to the allegation contained in the Second Cause of Action in their Amended Complaint. A copy of this Amended complaint is annexed as **Exhibit "B".**

10. In a decision rendered in the State Court Action by the Honorable Marguerite A. Grays on March 29. 2021 (the "March 29 Order"), at Page 3 of same the Court dismissed the Second Cause of Action for breach of loyalty under statute of limitations grounds. Annexed as **Exhibit "C"** is a true copy of the March 29 Order.

11. By virtue of the fact that the March 29 Order is now final and non-appealable, the Bankruptcy Court must afford same with full faith and credit. Under the Full-Faith-and-Credit Statute, 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments as would state courts "regardless of whether or not the issues in the federal action had actually been litigated in a prior state action." *Gargiul v. Tompkins,* 790 F.2d 265, 269 (2d Cir.1986). By virtue of the fact that the March 29 Order which dismissed the cause of action for breach of loyalty was litigated and argued on the merits, the Bankruptcy Court must afford same the same deference it would to any other state court judgment under 28 U.S.C. Section 1738 and deny this portion of Star Subaru's claim. Moreover, to the extent that Star Subaru is attempting to add the breach of loyalty component to its Proof of Claim (which was already denied by Judge Grays in the March 29 Order), same should also be disallowed under the Rooker Feldman Doctrine.

12. The Rooker–Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *In re Sanders*, 408 B.R. 25, 33 (Bankr E.D.N.Y 2009) citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The Rooker–Feldman doctrine "strip[s] federal subject matter jurisdiction over lawsuits that are, in substance, appeals from state court decisions." *Sanders*, Id at 33 citing *Book v. Mortgage Elec. Registration*

*Systems,* 608 F.Supp.2d 277, 288 (D.Conn.2009) (*citing Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 84 (2d Cir.2005)). Since Star Subaru's claim for breach of loyalty was already denied by Judge Grays in the March 29 Order, their attempt to add this component to their proof of claim is an attempt to re-litigate a matter which was already denied on the merits in the State Court Action.

### b. Advertising Money Debtor Stole from Star Subaru in the sum of $1,419,874.33.

13. The Cutillo Affidavit references the entity, Motorsports Advertising. The Debtor conceded that he owned Motorsports Advertising as a sole proprietorship established to handle the advertising needs of Star Subaru and potentially other separate and distinct automotive dealerships. The Debtor claims that Star Subaru knew full well of the existence of Motorsports Advertising, in that the Debtor's e-mail of starsubarumotorpsorts@yahoo.com was known and fully disclosed to Star Subaru. See Filardo Affidavit.

14. The allegation in the Cutillo Affidavit that Motorsports Advertising provided no advertising services to Star Subaru is also incorrect. Motorsports Advertising entered into an arrangement with New Vision Advertising ("New Vision"). New Vision created the advertising and then sent a sample of same to Star Subaru for approval. After Star Subaru had approved same, Star Subaru would then cut a check payable to Motorsports Authority for the payment of the advertisement specimen. See Filardo Affidavit.

15. The Debtor would then approve the advertisement with New Vision and go ahead with the advertising. Once the advertisement was completed and mailed out, New Vision would then send Motorsports Advertising a postage receipt indicating the amount of copies that were billed for the advertisement were mailed to the correct address and zip code. Motorsports

Advertising would then wire transfer money to New Visions in payment of the bill. New Visions billed Motorsports Advertising on a 90-day basis. When Star Subaru received the postage receipt from New Visions, they would then send that invoice for payment directly to Subaru Distributors Corp. Subaru Distributors Corp. would then reimburse Star Subaru 60% of the cost of said advertisement invoice directly into Star Subaru's Account. See Filardo Affidavit. Due to their volume, copies representing samples of the bank wire transfer form Motorsports Advertising to New Visions are annexed hereto as **Exhibit "D".**

16. According to Paragraphs 15 and 16 of the Cutillo Affidavit, Star Subaru makes reference to the fact that in reference to questions involving the advertising and other relationship between Motorsports Adverting and New Visions, she refers to the Debtor's deposition testimony and notes that the Debtor asserted the Fifth Amendment Claim against self-incrimination not less than 37 times. See Cutillo Affidavit at Paragraph #16 of same.

17. It has been established by precedent that while the Fifth Amendment states only that

"[n]o person ... shall be compelled in any criminal case to be a witness against himself," U.S. Const. amend. V, there is no question that an individual is entitled to invoke the privilege against self-incrimination during a civil proceeding. See *U.S. v. Certain Real Property and Premises Known as 4003-4005 5th Ave. Brooklyn, NY*, 55 F3d 78,82 (2d Cir 1995) citing *Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973) (explaining that the Fifth Amendment permits an individual "not to answer official questions put to him in any ... proceeding, civil or criminal, formal or informal, where the answer might incriminate him"). And this means that a civil litigant may legitimately use the Fifth Amendment to avoid having to answer inquiries during any phase of the discovery process. *See* 8 Charles A. Wright, Arthur R. Miller and

Richard L. Marcus, *Federal Practice and Procedure* § 2018, at 273 (2d ed. 1994) [hereafter Wright, *Federal Practice* ] ("[C]ourts have repeatedly held that the privilege against self-incrimination justifie[s] a person in refusing to answer questions at a deposition, or to respond to interrogatories, or requests for admissions, or to produce documents." (footnotes omitted)). As such, the Debtor was fully within his rights to assert the Fifth Amendment privilege during his deposition.

### C. Filardo's Theft of Cash From Star Subaru Customers in the sum of $378,157.08

17. The Cutillo Affidavit asserts that the Debtor allegedly stole the sum of $378,157.08 in cash deposits that he allegedly stole from customers. The Debtor completely refutes this baseless allegation.

18. As explained by the Debtor, when a customer came into Star Subaru with funds needed to purchase a new vehicle in the form of cash and a check, the entire funds (both cash and check) were annexed to a receipt with the contents of same deposited in a safe maintained at the premises of a nearby Nissan showroom. The safe could only be accessed by authorized personnel, which to the best of the Debtor's knowledge may have consisted of only the office manager and the owner. Once the safe is accessed, the receipt with the funds are then given to Star Subaru's accounting department. The Accounting department then reviewed all car sales transactions for that day. See Filardo Affidavit.

19. If it was determined that an account was short, the accounting department would inform that salesperson that day that the account was short. If the Debtor ever encountered a day wherein he had a shortage where he could not collect directly from the customer, he would cover the deficiency by either his own personal check or by charges applied to his own credit cards, including but not limited to those he maintained with American Express. An audit of all sales

conducted by Star Subaru was conducted every month by the accounting department. See Filardo Affidavit. Due to their volume, a sample of the shortages covered by the Debtor's own credit cards and personal checks to Star Subaru are annexed as **Exhibit "E".**

20. The Cutillo Affidavit ends on a confusing note, in that she claims that Star Subaru is only entitled to damages in the sum of $378, 157.08, and not the whole filed claim amount of $3,499,924.40.

### The State Court Litigation

21. On or about December 15, 2017, Star Subaru commenced an action against the Debtor entitled ***Star Auto Sales of Queens, LLC d/b/a Star Subaru v. Douglas Filardo and Subaru Motorsports d/b/a Motorsports Advertising*** pending in Supreme Court, State of New York, County of Queens under Index # 717443/2017 seeking, *inter alia*, to recover on causes of action for aiding and abetting fraud, civil conspiracy, fraud and deceit, unjust enrichment, money had and received, fraud by non-disclosure, promissory estoppel, breach of fiduciary duty, breach of the duty of loyalty, violation of the faithless service doctrine, conversion and fraudulent concealment by fiduciary. Star Subaru then filed an Amended Complaint on March 1, 2018.

22. As aforementioned, according to the March 29 Order issued by Judge Grays, the Debtor was successful in dismissing the Plaintiff's Second Cause of Action for Breach of the Duty of Loyalty, the Third Cause of Action under the Faithless Servant Doctrine, the Fourth Cause of Action for Aiding and Abetting Fraud, the Fifth Cause of Action for Conversion, the Sixth Cause of Action for Fraudulent Concealment by Fiduciary, the Seventh Cause of Action for Civil Conspiracy, the Eight Cause of Action for Fraud and Deceit, the Tenth Cause of Action for Unjust Enrichment and the Twelfth Cause of Action for Fraud by non-Disclosure. The Fourth Cause of Action sought a liquidated amount of not less than $1,855,000.00; and the Seventh Causes of

Action for Civil Conspiracy sought liquidated damages between $455,000.00 and $1,400,000.00. See **Exhibit "C"**.

23. The remaining cause of action (Breach of Fiduciary Duty, Breach of Duty of Loyalty, Faithless Servant Doctrine, Promissory Estoppel and Monies had and received) do not seek a monetary amount. Unfortunately, for the Debtor (who during the latter part of the State Court Proceeding was representing himself pro-se), his answer was stricken due to his failure to submit to a deposition by Star Subaru. The remaining aforementioned causes of action were set down for an inquest hearing to determine the amount owed to Star Subaru on these. Said Inquest hearing was stayed as a consequence of the Debtor's Chapter 13 filing on September 27, 2021. As of this date, there has not been any determination as to the amount owed to Star Subaru (if any), and at present their claim remains unliquidated.

24. Under 11 U.S.C. 109(e), in order to be eligible for Chapter 13 relief, the Debtor must have noncontingent liquidated unsecured debts of less than $419,275.00 and noncontingent liquidated secured debts of less than $1,257,850.00.

25. It has been established by precedent that a debt is liquidated for purposes of 1 1 U.S.C.§ 109(e) when the claim can be readily determined by reference to an agreement or simple mathematical computation. *In re Stebbins*, 2015 WL 792095 (Bankr. E.D.N.Y. 2015 citing *In re Mazzeo*, 131 F.3d 295, 304 (2d Cir 1997)

26. The terms "liquidated" and "unliquidated" generally refer to a claim's value (and the size of the corresponding debt and the ease with which that value can be ascertained. *Mazzeo* Id at 304; see also, e.g., *United States v. Verdunn*, 89 F.3d 799, 802 (lIth Cir.1996), *In re Knight*, 55 F.3d at. 235; *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987). "The concept of liquidation for purposes of section 109(e) relates only to the amount of liability not the existence of liability," *United States v. Verdunn*, 89 F.3d at

802 n. 10. If "the value of the claim is easily ascertainable," it is generally viewed as liquidated. *In re Knight*, 55 F.3d at 235. If that value depends instead on "a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated." (debt is liquidated if its value "has been ascertained or can readily be calculated"); *In re Fostvedt*, 823 F.2d at 306 (debt is liquidated if it is "subject to ready determination and precision in computation of the amount due"

27. That is not the case here. The remaining causes of action in the complaint against Filardo (Breach of Fiduciary Duty, Breach of Duty of Loyalty, Faithless Servant Doctrine, Promissory Estoppel and Monies had and received) do not claim any monetary amount. The Court has to assess a monetary amount for these remaining causes of action after inquest. As such, because the debt owed to Star Auto Sales of Queens, LLC d/b/a Star Subaru is not easily ascertainable and cannot be determined by reference to an agreement or by a simple computation it is not liquidated. Moreover, there is no guarantee that if Judge Grays conducts an inquest that she will award anything to Star Subaru on the remaining causes of action, let alone an amount which exceeds the unsecured debt limitations for Chapter 13 Debtor eligibility under I l U.S.C. Section 109(e).

28. In reviewing the Affirmation of Jamie Fielson annexed to Star Subaru's Proof of claim, the Creditor references the case of *Rawlings v. Gilbert* 104 AD3d 929 (2d Dept 2013) for the assertion that '[A] defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages' " However, *Rawlings* goes on further to state that where an entry of a default judgment

13

against a defendant is made after an application to the court, the defendant is entitled to a " 'full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages' " *Rawlings, Id* at 931 citing (*Napolitano v Branks*, 128 AD2d at 687, quoting *Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]; *see Godwins v Coggins*, 280 AD2d 582, 582 [2001]), accord *Yeboah v. Gaines Service Leasing*, 250 AD2d 453 (1st Dept 1998).

29. Additionally, CPLR 3215(f), the applicable provision dealing with Default Inquest hearings, has been construed to provide the Defendant with an opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages" *Yeboah Id* at 454 citing *Reynolds Sec. v. Underwriters Bank and Trust Co.*, 44 NY2d 568, 572.

30. Accordingly, even if Star Subaru does proceed to Inquest upon its claim, based upon the applicable legal precedent and safeguards of CPLR 3215(f) which permit the Debtor defendant to cross-examine witnesses, give testimony and offer proof in mitigation of damages, there is no guarantee that the State Court Judge will award Star Subaru any damages on the remaining causes of action which compose their proof of claim.

31. No prior Application has been made to this or any other Court for the relief herein requested.

**WHEREFORE,** the Debtor, Douglas J. Filardo, respectfully requests that her Application for the Entry of an Order: (i) disallowing Proof of Claim #8-1 filed by Star Auto Sales of Queens, LLC d/b/a Star Subaru in the sum of $3,499,924.40 pursuant to 11 U.S.C. § 502(b), Bankruptcy Rule 3007 and EDNY LBR 3007-1; and (ii) granting such other and further relief as to this Court deems just and proper be granted.

Dated: Melville, New York
      November 16th , 2021

                                RONALD D. WEISS, P.C.
                                *Attorneys for the Debtor*

                                */s/ Michael Farina*_____
                                Michael Farina, Esq.
                                734 Walt Whitman Road, Suite 203
                                Melville, New York 11747
                                Tel: (631) 271-3737
                                Fax: (631) 271-3784