UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

*In re:*

**Chapter 13**
**Case No.: 8-21-71691-REG**

**DOUGLAS J. FILARDO,**

**Debtor.**

-------------------------------------------------------------------X

## AFFIDAVIT

**STATE OF NEW YORK**

**COUNTY OF SUFFOLK**

Douglas J. Filardo, being duly sworn, deposes and says:

1. I am the Chapter 13 Debtor herein. I submit this Affidavit in Support of the Motion (i) disallowing Proof of Claim #8-1 filed by Star Auto Sales of Queens, LLC d/b/a Star Subaru ("Star Subaru") in the sum of $3,499,924.40 pursuant to 11 U.S.C. § 502(b), Bankruptcy Rule 3007 and EDNY LBR 3007-1; and (ii) granting such other and further relief as to this Court deems just and proper.

**a. Compensation Paid to Filardo by Star Subaru in the sum of $1,701,892.49**

2. According to Paragraphs 5-7 of the Cutillo Affidavit, STAR SUBARU asserts that I committed an act of "disloyalty" by being paid compensation for the period of November 25, 2008 to December 1, 2017.

3. I completely dispute this allegation, as any and all compensation the Debtor worked for and earned as a w-2 employee of Star Subaru.

**b. Advertising Money Debtor Stole from Star Subaru in the sum of $1,419,874.33.**

4. The Cutillo Affidavit references the entity, Motorsports Advertising. Motorsports Advertising was a sole proprietorship I owned which was established to handle the advertising needs of Star Subaru and potentially other separate and distinct automotive dealerships. The Debtor claims that Star Subaru knew full well of the existence of Motorsports Advertising, in that my e-mail of starsubarumotorpsorts@yahoo.com was known and fully disclosed to STAR SUBARU.

5. The allegation in the Cutillo Affidavit that Motorsports Advertising provided no advertising services to Star Subaru is also incorrect. Motorsports Advertising entered into an arrangement with New Vision Advertising ("New Vision"). New Vision created the advertising and then sent a sample of same to Star Subaru for approval. After Star Subaru had approved same, Star Subaru would then cut a check payable to Motorsports Authority for the payment of the advertisement specimen.

6. I would then approve the advertisement with New Vision and go ahead with the advertising. Once the advertisement was completed and mailed out, New Vision would then send Motorsports Advertising a postage receipt indicating the amount of copies that were billed for the advertisement were mailed to the correct address and zip code. Motorsports Advertising would then wire transfer money to New Visions in payment of the bill. New Visions billed Motorsports Advertising on a 90-day basis.

7. When Star Subaru received the postage receipt from New Visions, they would then send that invoice for payment directly to Subaru Distributors Corp. Subaru Distributors Corp. would then reimburse Star Subaru 60% of the cost of said advertisement invoice directly into Star Subaru's Account.

### C. Filardo's Theft of Cash From Star Subaru Customers in the sum of $378,157.08

8. The Cutillo Affidavit asserts that I allegedly stole the sum of $378,157.08 in cash deposits from customers of Star Subaru. I completely refute this baseless allegation.

9. When a customer came into Star Subaru with funds needed to purchase a new vehicle in the form of cash and a check, the entire funds (both cash and check) were annexed to a receipt with the contents of same deposited in a safe maintained at the premises of a nearby Nissan showroom. The safe could only be accessed by authorized personnel, which to the best of my knowledge may have consisted of only the office manager and the owner.

10. Once the safe was accessed, the receipt with the funds were then given to Star Subaru's accounting department. The Accounting department then reviewed all car sales transactions for that day.

11. If it was determined that an account was short, the accounting department would inform that salesperson that day that the account was short. If I ever encountered a day wherein I had a shortage where I could not collect directly from the customer, I would cover the deficiency to Star Subaru by either my own personal check or by charges applied to my own credit cards, including but not limited to those I maintained with American Express. An audit of all sales conducted by Star Subaru was conducted every month by the accounting department.

**WHEREFORE,** I respectfully request that **my** Application for the Entry of an Order: (i) disallowing Proof of Claim #8-1 filed by Star Auto Sales of Queens, LLC d/b/a Star Subaru in the sum of $3,499,924.40 pursuant to 11 U.S.C. § 502(b), Bankruptcy Rule 3007 and EDNY LBR

3007-1; and (ii) granting such other and further relief as to this Court deems just and proper be granted.

Dated: Westhampton, New York
November 16th, 2021

Douglas J. Filardo

Sworn to this 16th day.
of November 2021

Notary Public

Ronald D. Weiss
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02WE5041400
Qualified in Suffolk County
Commission Expires 04/03/2023