EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS – COMMERCIAL DIVISION
-------------------------------------------------------------------x
STAR AUTO SALES OF QUEENS LLC
D/B/A STAR SUBARU,

                Index No.: 717443/2017

        Plaintiff,

        -against-

**AMENDED VERIFIED COMPLAINT**

DOUGLAS FILARDO and
SUBARU MOTORSPORTS D/B/A
MOTORSPORTS ADVERTISNG,

        Defendants.
-------------------------------------------------------------------x

        Plaintiff, Star Auto Sales of Queens LLC d/b/a Star Subaru complaining of the Defendants, Douglas Filardo and Subaru Motorsports D/B/A Motorsports Advertising alleges:

## NATURE OF THE CLAIMS

1.     Plaintiff, Star Auto Sales of Queens LLC d/b/a Star Subaru ("Star Subaru" or "Plaintiff") brings this Complaint against Defendants, Douglas Filardo ("Filardo") and Subaru Motorsports D/B/A Motorsports Advertising ("Motorsports Advertising" (collectively "Defendants") for (1) aiding and abetting of fraud; (2) civil conspiracy; (3) fraud and deceit; (4) unjust enrichment; (5) money had and received; and (6) fraud by nondisclosure. Additionally, Plaintiff brings this Compliant against Defendant, Douglas Filardo for (7) promissory estoppel; (8) breach of fiduciary duty; (9) breach of duty of loyalty; (10) violation of the faithless service doctrine; (11) conversion; and (12) fraudulent concealment by fiduciary.

## PARTIES

**Star Subaru**

2.     Plaintiff Star Subaru is a car dealership which employed Defendant Filardo.

1

3. Star Subaru is a limited liability company formed in the state of New York.

4. Star Subaru was formed in 2006 and is still in operation.

5. Star Subaru is one of several car dealerships that are owned by various members of the Koufakis family.

6. Star Subaru's new car dealership is located at 206-26 Northern Boulevard in Bayside, New York.

7. Star Subaru's parts and service department is currently located at 40-20 172nd Street in Flushing, New York and was previously located at 211-52 Jamaica Avenue in Queens Village until October 14, 2016.

### Douglas Filardo

8. Upon Information and belief, Filardo resides in the County of Suffolk and State of New York.

9. From in or around March 2006 until in or around November 2017, Filardo was employed by Star Subaru as a sales manager.

### Motorsports Advertising

10. Upon information and belief, Motorsports Advertising is a corporation formed in the state of New York.

11. Upon information and belief, Douglas Filardo is owned and/operated by Filardo and his wife Francine Filardo.

## VENUE

12. Venue for this action in Queens County is appropriate because Plaintiff Star Subaru's principal place of business is in Queens County.

## FACTS

### Douglas Filardo's Employment in General

13.　As the sales manager, Filardo specifically oversaw sales operations of Star Subaru since it began operating in or around March 2006 until he quit in or around November 2017.

14.　From in or around March 2006 until Filardo's last day of work, he worked in Star Subaru's new car showroom.

15.　As the sales manager, Filardo's was responsible for overseeing all matters related to new and used Star Subaru sales, which included but was not limited to: (1) ordering vehicles; (2) selling vehicles; (3) advertising; (4) hiring and firing of sales persons; and (5) managing the sales force on a day-to-day basis.

16.　As the sales manager, Filardo was employed in a position of trust by Plaintiff.

17.　Over the course of his entire employment with Star Subaru, Filardo received over one million dollars ($1,000,000.00) in wages plus benefits.

18.　From in or around March 2006 until his termination, Filardo was paid all wages and benefits by Star Subaru.

### Filardo's Improper Conduct

19.　Filardo engaged in various types of illegal and improper conduct throughout his entire period of employment with Star Subaru.

20.　Filardo engaged in the foregoing illegal and improper conduct during the course of his regular work hours for Star Subaru.

21.　As a result of Filardo's conduct, Plaintiff has been damaged.

### Theft of Cash Deposits from Star Subaru Customers

22.　Filardo, with the help of Vivian Karouzakis ("Karouzakis"), a former office manager of Star Subaru, used an annual advance payment from Subaru of America, Inc. ("Subaru of

America") to cover up the theft of cash deposits from Star Subaru customers from in or around 2013 until in or around December 2016 when Karouzakis was terminated.

23. In or around each March from 2013 through 2016, Subaru of America issued an advance payment of approximately $130,000.00 to Star Subaru as part of a national program for all Subaru dealerships that started in or around 2013.

24. Karouzakis intentionally, improperly, and wrongfully concealed the advance payment by accounting for it under "Service and Parts Receivables," even though the money was paid to Star Subaru before it was earned. Additionally, such monies were in no way payment for or related to "Service and Parts."

25. Upon information and belief, Filardo was aware of and actively concealed Karouzakis' conduct.

26. Both Filardo and Karouzakis instructed and deceived Star Subaru office employees in charge of documenting sales, to file claims for money received on select sales. Filardo and Karouzakis explained to these employees that Star Subaru would eventually get paid by Subaru of America for those amounts.

27. In reality, a few times per month, Filardo kept cash deposits for vehicle purchases that he received from customers instead of remitting the payments to Star Subaru. Filardo concealed this theft by advising office employees that he never received the cash deposit from the customers but that Star Subaru would eventually be paid the cash deposit by Subaru of America. At some point during each year, Karouzakis utilized the advance payment from Subaru of America to relieve and cover up the debt created by the cash deposits stolen by Filardo during the previous year.

28. After Karouzakis was fired in December 2016, her sister Despina Theocharis

("Theocharis") became the office manager for Star Subaru, and took over Karouzakis' role in this scheme. Filardo continued this misconduct with Theocharis until her termination in or around April 2017.

29.     After Theocharis' termination, Filardo continued to engage in this scheme until in or around July 2017.

30.     During that time period, Filardo did not enlist the help of the new office manager Jacquie Gibson (a/k/a Cutillo) because Subaru of America already issued the advance payment to Star Subaru in March of 2017. Thus, Filardo continued his unlawful scheme without the knowledge of the office manager from April 2017 until in or around July 2017.

31.     Filardo's unlawful theft covered up by the advance payment money from Subaru of America to Star Subaru totaled approximately $455,000.00 from in or around 2013 through in or around July 2017.

32.     An investigation is ongoing to determine if any similar scheme occurred prior to 2013.

## Motorsports Advertising

33.     As another method of defrauding Star Subaru during his employment, Filardo used the company, Motorsports Advertising which, upon information and belief, was created for the purposes of receiving ill-obtained payments from Star Subaru from in or around 2008 through in or around December 2016.

34.     Upon information and belief, Filardo and his wife, Francine Filardo, created Motorsports Advertising.

35.     Filardo used Motorsports Advertising as an intermediary between Star Subaru and New Vision Advertising. Filardo was responsible for Star Subaru hiring New Vision Advertising in the first place.

36. Star Subaru was aware that they were receiving advertising services from New Vision Advertising, but never actually paid them directly.

37. Instead, Filardo created several fake invoices on behalf of Motorsports Advertising at markup prices over and above the price New Vision Advertising had billed Star Subaru, which Filardo hand delivered to Star Subaru's office employees. Star Subaru paid these invoices by issuing checks to Motorsports Advertising.

38. Upon information and belief, Douglas Filardo deposited this money into a Motorsports Advertising bank account belonging to both Douglas and Francine Filardo. Upon information and belief, after depositing the money, Douglas Filardo wired this money from Motorsports Advertising to pay the invoices issued by New Vision Advertising to Motorsports Advertising for the work New Vision Advertising did for Star Subaru. The invoices issued to Star Subaru by New Vision Advertising were significantly cheaper than those issued by Motorsports Advertising. Filardo utilized this scheme in order to keep the amounts representing the difference in invoice prices between Motorsports Advertising and New Vision Advertising for his own benefit.

39. Furthermore, Filardo entered New Vision Advertising's Tax Identification Number as the Tax Identification Number for Motorsports Advertising in Star Subaru's Dealership Management System ("DMS") as a means to disguise and willfully conceal this scheme from Star Subaru.

40. Upon information and belief, Filardo told New Vision Advertising that Star Subaru owned Motorsports Advertising.

41. Upon information and belief, Filardo told New Vision Advertising not speak with Michael Koufakis or they would lose Star Subaru's business.

42. Upon information and belief, New Vision Advertising did approximately four (4) to seven (7) mailings a year for Star Subaru.

43. Filardo's unlawful theft, which was covered up through the use of Motorsports Advertising, totaled approximately $1,400,000.00.

44. An investigation of this scheme is still ongoing.

**Hiding Misconduct and Failure to Disclose Misconduct by Other Employees**

45. Since Filardo was colluding with both Karouzakis and Theocharis, he had personal knowledge of and intentionally concealed their illegal conduct from Star Subaru's management and owners.

**Criminal Violations**

46. Defendant Filardo's unauthorized and improper acquisitions of several automobiles and irregular accounting actions also constitute: (1) a Class D felony and is in violation of Article 155.35 of the New York State Penal Law; (2) a Class C felony and is in violation of Article 155.40 of the New York State Penal Law; (3) a Class D felony and is in violation of Article 165.50 of the New York State Penal Law; and (4) a Class C felony and is in violation of Article 165.52 of the New York State Penal Law

47. As a result of Filardo's conduct outlined above, Plaintiff has been damaged.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Douglas Filardo for Breach of Fiduciary Duty)

48. Plaintiff repeats the allegations of paragraphs "1" through "47" of this Complaint as if set forth at length herein.

49. Defendant Filardo was employed at Star Subaru in a position of trust and confidence.

50. As an employee of Star Subaru, Defendant Filardo owed Plaintiff a fiduciary duty of

loyalty and honesty. By virtue of these duties, Defendant Filardo was prohibited from acting in a disloyal manner, or in any way inconsistent with that fiduciary relationship.

51. Defendant Filardo aforesaid conduct constitutes a breach of the fiduciary duty owed to Plaintiff.

52. As a consequence of Defendant Filardo's forgoing intentional breach of their fiduciary duty to Star Subaru, Plaintiff has been injured, for which Plaintiff is entitled to recover damages including but not limited to financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.

### AS AND FOR A SECOND CAUSE OF ACTION

#### (Douglas Filardo for Breach of the Duty of Loyalty)

53. Plaintiff repeats the allegations of paragraphs "1" through "52" of this Complaint as if set forth at length herein.

54. Defendant Filardo was employed by Star Subaru in a position of trust and confidence.

55. Defendant Filardo owed Plaintiff a duty of loyalty and honesty. By virtue of these duties, Defendant Filardo was prohibited from acting in a disloyal manner, or in any way inconsistent with the employment relationship.

56. Defendant Filardo's aforesaid conduct constitutes a breach of the duty of loyalty owed to Plaintiff.

57. As a consequence of Defendant Filardo's forgoing intentional breach of their duty of loyalty to Plaintiff, Plaintiff has been injured, for which Plaintiff is entitled to recover damages including but not limited to the return of wages, bonuses and other compensation paid to Defendant Filardo, financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Douglas Filardo for Faithless Servant Doctrine)

58. Plaintiff repeats the allegations of paragraphs "1" through "57" of this Complaint as if set forth at length herein.

59. Defendant Filardo was employed by Star Subaru in a position of trust and confidence.

60. Defendant Filardo owed Plaintiff a duty of loyalty, honesty and fidelity. By virtue of these duties, Defendant Filardo was prohibited from acting in a disloyal manner, or in any way inconsistent with that trust relationship.

61. Pursuant to the faithless servant doctrine, Defendant Filardo was obligated to be loyal to Star Subaru and was prohibited from acting in a manner inconsistent with his agency or trust and were bound to exercise the utmost good faith and loyalty in the performance of their duties.

62. Defendant Filardo's aforesaid conduct constitutes conduct rising to the level of a cause of action pursuant to the faithless servant doctrine.

63. Defendant Filardo's activity was related to the performance of his duties.

64. Defendant Filardo's disloyalty permeated his services in its most material and substantial part.

65. As a consequence of Defendant Filardo's conduct, which constitutes a cause of action pursuant to the faithless servant doctrine, Plaintiff has been injured, which Plaintiff is entitled to recover damages including but not limited to the return of wages, bonuses and other compensation paid to Defendant Filardo, financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (All Defendants for Aiding and Abetting of Fraud)

66. Plaintiff repeats the allegations of paragraphs "1" through "65" of this Verified Complaint as if set forth at length herein.

67. Defendants aided and abetted the fraud of the advance payment money from Subaru of America perpetrated by Karouzakis and Theocharis against Star Subaru.

68. Defendants had knowledge of this scheme, but intentionally and maliciously aided the scheme by keeping the cash payments made by Star Subaru customers.

69. As a result, Plaintiff was unaware of Defendants' conduct and could not have discovered the conduct through the exercise of ordinary diligence.

70. Defendants aided and abetted the fraud of the advertisement money from Star Subaru perpetrated by Motorsports Advertising against Star Subaru.

71. Defendants had knowledge of this scheme, but intentionally and maliciously aided the scheme by using Motorsports Advertising as an intermediary company between Star Subaru and New Vision Advertising.

72. As a result, Plaintiff was unaware of Defendants' conduct and could not have discovered the conduct through the exercise of ordinary diligence.

73. Defendants' fraud proximately caused the Plaintiff's losses.

74. Thus, as a direct and proximate cause of Defendants' substantial assistance, Plaintiff has suffered losses amounting to at least approximately $1,855,000.00, pending further investigation. Plaintiff seek to recover financial loss, compensatory damages and interest in an amount as the proof at trial may warrant.

**AS AND FOR A FIFTH CAUSE OF ACTION**

### (Douglas Filardo for Conversion)

75. Plaintiff repeats the allegations of paragraphs "1" through "74" of this Complaint as if set forth at length herein.

76. Defendant Filardo also improperly obtained Star Subaru's funds through the schemes set forth above.

77. For the reasons set forth above, Defendant Filardo is liable to Plaintiff for damages.

78. The total amount of compensatory monetary damages will be determined at trial, plus pre-judgment interest for which Defendant Filardo is liable.

## AS AND FOR A SIXTH CAUSE OF ACTION

### (Douglas Filardo for Fraudulent Concealment by Fiduciary)

79. Plaintiff repeats the allegations of paragraphs "1" through "78" of this Complaint as if set forth at length herein.

80. Defendant Filardo owed a fiduciary duty to Plaintiff.

81. Defendant Filardo tortiously, intentionally, willfully, maliciously and unjustifiably interfered with Plaintiff's business relations by engaging in the schemes outlined above.

82. Defendant Filardo knew these representations and omissions were materially misleading.

83. Star Subaru relied on these representations when issuing the payments, reconciling accounts receivable and reviewing financial records.

84. As a consequence of Defendant Filardo's wrongful conduct, Plaintiff has been injured, for which Plaintiff is entitled to recover the total amount of compensatory monetary damages, which will be determined at trial, plus interest.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### (All Defendants for Civil Conspiracy)

85. Plaintiff repeats the allegations of paragraphs "1" through "84" of this Verified Complaint as if set forth at length herein.

86. Defendants conspired with others including, but not limited to, Karouzakis and Theocharis.

87. Upon information and belief, the Defendants and others intentionally participated in the furtherance of the fraud and committed unlawful, overt acts, in attempt to steal money from Plaintiff through schemes.

88. As a direct and proximate cause of the conspiracy between Filardo, Karouzakis, and Theocharis among others, the Plaintiff has suffered losses amounting to approximately $455,000.00.

89. Additionally, as a direct and proximate cause of the conspiracy between Filardo and Motorsports Advertising among others, the Plaintiff has suffered losses amounting to approximately $1,400,000.00.

90. To the extent the Plaintiff suffered injury from the acts of other conspirators in furtherance of their common purpose of inducing the participation of Star Subaru, Defendants and their co-conspirators are jointly and severally liable for any damages attributable to those acts plus interest.

### AS AND FOR A EIGHTH CAUSE OF ACTION

#### (All Defendants for Fraud and Deceit)

91. Plaintiff repeat the allegations of paragraphs "1" through "90" of this Complaint as if set forth at length herein.

92. Defendant Filardo made false affirmations and omissions to Plaintiff with intent to

defraud and conceal both his conduct the conduct of other employees including Karouzakis and Theocharis.

93. Defendants made further false affirmations and omissions to Plaintiff with intent to defraud and conceal both Filardo's conduct and the conduct of Motorsports Advertising with New Vision Advertising.

94. As a result of Defendants false affirmations and omissions, Plaintiff was damaged.

95. For the reasons set forth above, Defendants are liable to Plaintiff for damages.

96. The total amount of compensatory monetary damages will be determined at trial, along with punitive damages, plus interest.

## AS AND FOR A NINTH CAUSE OF ACTION

### (Douglas Filardo for Promissory Estoppel)

97. Plaintiff repeats the allegations of paragraphs "1" through "96" of this Complaint as if set forth at length herein.

98. Defendant Filardo made clear and unambiguous promises to Plaintiff that he would handle the management of their assets with reasonable care.

99. Filardo routinely withheld material information from Plaintiff about Motorsports Advertising and the operational details of the advance payment by Subaru of America. Plaintiff reasonably and foreseeably relied on Filardo.

100. As a result of Plaintiff's reasonable and foreseeable reliance, Plaintiff sustained injuries.

101. For the reasons set forth above, Filardo is liable to Plaintiff for damages.

102. Plaintiff is entitled to recover compensatory damages, the total amount of punitive

damages in, so as to deter Defendants and others from perpetrating in the future such acts of misconduct as were committed by Defendants, and interest, the precise amount to be determined at trial.

## AS AND FOR A TENTH CAUSE OF ACTION

### (All Defendants for Unjust Enrichment)

103. Plaintiff repeats the allegations of paragraphs "1" through "102" of this Complaint as if set forth at length herein.

104. Defendants received benefits in connection with schemes at Star Subaru's expense.

105. Payment has not been made to Plaintiff for improperly obtained monies.

106. It would be against equity and good conscience to permit Defendants to retain the benefits of its deceptive and bad faith conduct.

107. Accordingly, Plaintiff is entitled to recover the amount by which Defendants have been unjustly enriched, plus interest, in an amount to be determined at trial.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

### (All Defendants for Money Had and Received)

108. Plaintiff repeats the allegations of paragraphs "1" through "107" of this Complaint as if set forth at length herein.

109. Defendants received money rightfully belonging to Plaintiff through fraudulent schemes.

110. Defendants benefited from the receipt of the money.

111. It would be against equity and good conscience to permit Defendants to retain the benefits of their deceptive and bad faith conduct.

112. Accordingly, Plaintiff is entitled to recover the amount by which Defendants have received as a result of his scheme (i.e. compensatory damages), plus interest, in an amount to be determined at trial.

## AS AND FOR A TWELVTH CAUSE OF ACTION

### (All Defendants for Fraud by Nondisclosure)

113. Plaintiff repeats the allegations of paragraphs "1" through "112" of this Complaint as if set forth at length herein.

114. Upon information and belief, Defendants had an independent duty to disclose material facts regarding Douglas Filardo's creation of Motorsports Advertising to defraud Star Subaru.

115. Defendants knowingly concealed the existence of this scheme, other schemes, and all related facts. The foregoing facts were not known by the Plaintiff and could not have been discovered through the exercise of ordinary diligence due to Defendants' failure to disclose.

116. The Plaintiffs actually and justifiably relied on the false representations shown in financial records and invoices.

117. As a consequence of Defendants' conduct, which constitutes a cause of action pursuant to fraud by nondisclosure, Plaintiff has been injured and has suffered losses in the millions of dollars, which they are entitled to recover. Plaintiff seeks to recover financial loss, compensatory damages and interest in an amount as the proof at trial may warrant.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

**WHEREFORE**, Plaintiff demands the following:

a. Judgment granting all of Plaintiff's claims in their entirety and awarding damages including but not limited to repayment of all wages, bonuses and other compensation paid to Defendants, repayment of any money improperly received by Defendants, financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount to be proven at trial;

b. Judgment granting Plaintiff's costs and reasonable attorneys' fees incurred in this action;

c. Together with such other and further relief as the Court deems just and proper.

Dated: Lake Success, New York
      March 1, 2018

MILMAN LABUDA LAW GROUP PLLC

_____
Joseph M. Labuda, Esq.
Matthew A. Brown, Esq.
Attorneys for Plaintiff
3000 Marcus Ave., Ste 3W8
Lake Success, New York 11042
(516) 328-8899

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF QUEENS       )

Michael Koufakis, being duly sworn, deposes and says:

I am the President of the Plaintiff, Star Auto Sales of Queens LLC d/b/a Star Subaru, and am duly authorized to act on its behalf. I have read the foregoing Verified Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and – as to those matters – I believe them to be true.

To the best of my knowledge, information, and belief – formed after an inquiry reasonable under the circumstances – the presentation of these papers, or the contentions therein, are not frivolous as defined in subsection (c) of § 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

Dated: Lake Success, New York
       March 1, 2018

                                         STAR AUTO SALES OF QUEENS LLC
                                         D/B/A STAR SUBARU
                                         By: Michael Koufakis
                                         Its: President

Sworn to before me this
1st day of March, 2018

*/s/ Jacqueline Gibson*
Notary Public

```
JACQUELINE GIBSON
Notary Public, State of New York
Registration #01GI6236857
Qualified In Queens County
Commission Expires March 7, 2019
```