EXHIBIT "C"

Short Form Order

## NEW YORK SUPREME COURT - QUEENS COUNTY

Present: **HONORABLE MARGUERITE A. GRAYS**  IAS PART 4
                 Justice

-----------------------------------------------------------------x

STAR AUTO SALES OF QUEENS LLC D/B/A  Index
STAR SUBARU,  No.: 717443/2017

               Plaintiff(s),  Motion
                                   Date: July 10, 2018

    -against-  Motion
                                   Cal. No.: 27

DOUGLAS FILARDO and SUBARU MOTORSPORTS  Motion
D/B/A MORTORSPORTS ADVERTISING,  Seq. No.: 1

               Defendant(s).
-----------------------------------------------------------------x

The following papers numbered 1- 15 read on this motion by defendants for an Order: (1) pursuant to CPLR §3211(a)(7), dismissing the first cause of action for breach of fiduciary duty, fourth cause of action for aiding and abetting fraud, sixth cause of action for fraudulent concealment by fiduciary, seventh cause of action for civil conspiracy, eighth cause of action for fraud and deceit, ninth cause of action for promissory estoppel, tenth cause of action unjust enrichment, eleventh cause of action for money had and received, and twelfth cause of action for fraud by non-disclosure; and (2) pursuant to CPLR §3211(a)(5), dismissing all claims and causes of action that are alleged to have accrued before December 15, 2014.

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion - Affid.-Exhibits............................ | 1 - 8 |
| Answering Affidavits - Exhibits ................................... | 9 - 11 |
| Reply Affidavits - Exhibits .......................................... | 12 -15 |

Upon the foregoing papers it is ordered that defendants' motion is determined as follows:

Plaintiff commenced this action on December 15, 2017, by filing a Summons and Verified Complaint. On March 1, 2018, plaintiff filed an Amended Verified Complaint

alleging defendant Douglas Filardo (Filardo) engaged in illegal and improper conduct during his employment as a sales manager with Plaintiff. Specifically, plaintiff alleges that Filardo, with the help of Vivian Karouzakis, plaintiff's former office manager, and, thereafter, her sister, Despina Theocharis, the subsequent office manager, embezzled and misappropriated plaintiff's money from in or around 2013 through July 2017. Plaintiffs allege that Filardo used annual advance payments from Subaru of America Inc. to plaintiff, to cover up the theft of approximately $455,000.00 in cash deposits from plaintiff's customers. Plaintiff further alleges that from 2008 through December 2016, Filardo used defendant Motorsports Advertising, Filardo's company, as an intermediary between plaintiff and New Vision Advertising, which provided advertising services to plaintiff, and created fake invoices with marked-up prices above the price New Vision Advertising had actually billed plaintiff. Plaintiff contends it paid the invoices by issuing checks to Motorsports and defendants, in turn, paid the cheaper invoices actually issued by New Vision and kept the difference, which totaled approximately $1,400,000.00.

Defendants move herein to dismiss plaintiff's Amended Verified Complaint pursuant to CPLR §3211(a)(5) and (7). Plaintiff opposes the motion.

On a motion to dismiss a complaint pursuant to CPLR §3211 (a) (5) on the ground that the applicable statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired *(Geotech Enterprises, Inc. v. 181 Edgewater, LLC,* 137 AD3d 1213 [2016]; *Wells Fargo Bank, N.A. v. Eitani,* 148 AD3d 193 [2017]; *Ross v Jamaica Hosp. Med. Ctr.,* 122 AD3d 607 [2014]; *Landow v Snow Becker Krauss, P.C.,* 111 AD3d 795 [2013]; *Zaborowski v Local 74, Service Employees International Union, AFL-CIO,* 91 AD3d 768 [2012]). The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable *(Geotech Enterprises, Inc. v. 181 Edgewater, LLC,* 137 AD3d 1213 [2016]; *Ross v. Jamaica Hospital Medical Center,* 122 AD3d 607 [2014]).

A cause of action alleging conversion must be commenced within three years of the alleged conversion *(see CPLR §214 [3]; Matter of Imperato,* 149 AD3d 1072 [2017]). Generally, a conversion cause of action accrues on the date on which the conversion takes place *(Geotech Enterprises, Inc. v. 181 Edgewater, LLC,* 137 AD3d 1213 [2016]; *Dimatteo v. Consentino,* 71 AD3d 1430 [2010]). Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he or she disposes of the property, whichever is earlier *(Dimatteo v. Consentino,* 71 AD3d 1430 [2010]). Here, plaintiff contends that defendants' alleged ill-gotten possession of plaintiff's money was never lawful.

Defendants established, prima facie, that since the alleged conversion occurred in 2008, and plaintiff did not commence this action until December 15, 2017, the cause of action alleging acts of conversion prior to December 15, 2014 are time-barred.

In opposition, plaintiff failed to raise an issue of fact as to whether the statute of limitations was tolled, or whether this action to recover damages was commenced within the applicable limitations period *(Geotech Enterprises, Inc. v. 181 Edgewater, LLC,* 137 AD3d 1213 [2016]).

Plaintiff's causes of action sounding in fraud (fourth, sixth, eighth, and twelfth), which are incidental to the cause of action for conversion, are likewise time-barred *(Rattenni v. Cerreta,* 285 AD2d 636 [2001]).

A cause of action alleging unjust enrichment is governed by the six-year statute of limitations of CPLR §213 (1), which begins to run upon the occurrence of the alleged wrongful act *(Wikiert v. City of New York,* 128 AD3d 128 [2015]; *Williams-Guillaume v. Bank of America, N.A.,* 130 AD3d 1016 [2015]). However, the three-year statute of limitations of CPLR 214 (3) governs here, since the plaintiff is seeking monetary, as opposed to equitable, relief *(Ingrami v Rovner,* 45 AD3d 806, 808, 847 NYS2d 132 [2007]; *Lambert v Sklar,* 30 AD3d 564, 817 NYS2d 378 [2006]). Thus, plaintiff's claims for unjust enrichment that accrued before December 15, 2014 are likewise time-barred.

The branch of defendants' motion to dismiss plaintiff's causes of action for breach of loyalty and faithless servant doctrine which accrued before December 15, 2014, is granted. New York law does not provide a single statute of limitations for breach of fiduciary duty claims; rather, the choice of the applicable statute of limitations period depends on the substantive remedy that the plaintiff seeks *(IDT Corp. v. Morgan Stanley Dean Witter and Co.,* 12 NY3d 132; *Loengard v Santa Fe Indus.,* 70 NY2d 262). Where the relief sought is equitable in nature, the six-year limitations period of CPLR §213 (1) applies *(IDT Corp. v. Morgan Stanley Dean Witter and Co.,* 12 NY3d 132). Where, however, the remedy sought is purely monetary in nature, courts construe the suit as alleging "injury to property" within the meaning of CPLR §214 (4), which has a three-year limitations period *(IDT Corp. v. Morgan Stanley Dean Witter and Co.,* 12 NY3d 132). Here, plaintiff seeks purely monetary damages for its claims.

However, the branch of defendants' motion to dismiss the cause of action for breach of fiduciary duty is denied. In opposition to the defendants' prima facie showing, the plaintiff raised a question of fact as to whether the statute of limitations was tolled pursuant to the fiduciary tolling rule or the "repudiation rule," under which the applicable statutory period does not begin to run until the fiduciary has openly repudiated his or her obligation

or the relationship has been otherwise terminated *(Franklin v. Haffika,* 140 AD3d 922 [2016]; *New York State Worker's Compensation Board v. Consolidated Risk Services, Inc.,* 125 AD3d 1250 [2015]; *Incorporated Village of Muttontown v. Ryba,* 121 AD3d 757 [2014]).

On a motion to dismiss pursuant to CPLR §3211, the pleadings are afforded a liberal construction and the Court accepts facts as alleged in the complaint as true, accords plaintiff the benefit of every possible favorable inference, and determines only whether the facts as alleged fit within any cognizable legal theory *(Morone v. Morone,* 50 NY2d 481; *Rovello v. Orofino Realty Co.,* 40 NY2d 633 [1976]).

The branch of defendants' motion to dismiss the fraud causes of action (fourth, sixth, eighth, and twelfth), is granted. The facts set forth in plaintiff's Amended Verified Complaint clearly allege a claim for damages for conversion of plaintiff's monies *(Mohan v. Hollander,* 303 AD2d 473 [2003]; *Rattenni v. Cerreta,* 285 AD2d 636 [2001]). Where a cause of action alleging fraud is merely incidental to a conversion cause of action, and the only purpose the fraud claim serves in the complaint is to avoid the three-year Statute of Limitations for conversion, the cause of action alleging fraud should be dismissed *(Mohan v. Hollander,* 303 AD2d 473 [2003]; *Rattenni v. Cerreta, 285 AD2d 636 [2001]).* Fraud is characterized as incidental where the allegations of fraud, at most, represent the means of accomplishing the alleged misappropriation and are only an incident of that wrong, without which alleged misappropriation the plaintiff would have no claim at all *(Marketxt Holdings Corp. v. Engel & Reiman, P.C.,* 693 F.Supp.2d 387). Here, since the fraud causes of action are merely incidental to the conversion cause of action, the causes of action sounding in fraud are dismissed.

The branch of defendants' motion to dismiss the causes of action sounding in fraud (fourth, sixth, eighth, and twelfth) for failure to meet the statutory heightened pleading requirement is granted. Plaintiff's Amended Verified Complaint fails to allege the essential elements of a fraud claim, to wit, misrepresentation or omission of a material fact, which a defendants knew to be false (scienter) and made with the intent of inducing the other party to rely on the misrepresentation or mission, justifiable reliance by the other party on the misrepresentation or omission, and injury *(Chung v. Wang,* 79 AD3d 693 [2010]; *RBE Northern Funding, Inc. v. Stone Mountain Holdings, LLC,* 78 AD3d 807 [2010]), and thus fails to satisfy the specificity and particularity requirement of CPLR §3016[b] *(Barclay Arms, Inc. v. Barclay Arms Association,* 74 NY2d 644).

The branch of defendants' motion to dismiss the cause of action for breach of fiduciary duty as against defendant Filardo upon the ground that no fiduciary relationship existed between plaintiff and Filardo, is denied.

Defendants argue that the allegations set forth in the Amended Verified Complaint do not demonstrate the existence of anything other than a standard, conventional employer-employee business relationship between plaintiff and Filardo, which, without more, is insufficient to create a fiduciary relationship *(DiTolla v. Doral Denatl IPA of N.Y., LLC,* 100 AD3d 586 [2012]; *AHA Sales, Inc. v. Creative Bath Products, Inc.,* 58 AD3d 6 [2008]).

A fiduciary relationship is one founded upon trust or confidence reposed by one person in the integrity and fidelity of another *(AHA Sales, Inc. v. Creative Bath Products, Inc.,* 58 AD3d 6 [2008]). Here, the plaintiff sufficiently alleged the existence of a fiduciary relationship between it and Filardo, its sales manager since March 2006. It can be said that from such a long enduring relation was born a special relationship of trust and confidence between the parties *(AHA Sales, Inc. v. Creative Bath Products, Inc.,* 58 AD3d 6 [2008]).

The branch of defendants' motion to dismiss the causes of action for fraudulent concealment and fraud by non-disclosure based upon the absence of a fiduciary duty and fiduciary relationship between the parties, is accordingly denied.

The branch of the motion to dismiss the ninth cause of action for promissory estoppel, is denied. The elements of a cause of action sounding in promissory estoppel are: (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) an injury sustained in reliance on the promise *(Rogers v Town of Islip,* 230 AD2d 727; *Freedman & Son v A.I. Credit Corp.,* 226 AD2d 1002). The Amended Verified Complaint adequately states, for pleading survival purposes, a cause of action for promissory estoppel. Whether the complaint can later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss *(Litvinoff v. Wright,* 150 AD3d 714 [2017]).

The branch of the motion to dismiss the seventh cause of action for civil conspiracy is granted. New York does not recognize an independent cause of action for civil conspiracy *(Kickertz v. New York University,* 110 AD3d 268 [2013]; *Scott v. Fields,* 85 AD3d 756 [2011]; *Ward v. City of New York,* 15 AD3d 392 [2005]).

The remaining branches of defendants' motion are denied as meritless.

Dated:

MAR 29 2019

_____
MARGUERITE A. GRAYS
J.S.C.

FILED
APR 19 2019
COUNTY CLERK
QUEENS COUNTY

5