UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In Re:                                                            Chapter 13
                                                                  Case No. 21-71691 (REG)
      DOUGLAS J. FILARDO

      Debtor.

-----------------------------------------------------------------X

**DECLARATION OF JAMIE S. FELSEN, ESQ. IN OPPOSITION TO DEBTOR'S OBJECTION TO CREDITOR, STAR AUTO SALES OF QUEENS LLC'S PROOF OF CLAIM AND IN SUPPORT OF CREDITOR, STAR AUTO SALES OF QUEENS LLC'S CROSS-MOTION TO DISMISS DEBTOR'S BANKRUPTCY FILING PURSUANT TO 11 U.S.C. § 109(E)**

Jamie S. Felsen, Esq., declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am admitted to practice before this Court and am a member of Milman Labuda Law Group PLLC, attorneys for the Debtor, Star Auto Sales of Queens LLC.

2. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by this office.

3. On December 15, 2017, Star Auto Sales of Queens LLC (hereinafter "Star") commenced an action against the Debtor in the Supreme Court of the State of New York, County of Queens, under Index Number 717443/2017 ("state court action"). In the state court action, Star brought claims against the Debtor for, *inter alia*, (1) unjust enrichment; (2) money had and received; (3) promissory estoppel; (4) breach of fiduciary duty; (5) breach of duty of loyalty; (6) violation of the faithless service doctrine; and (7) conversion. Each of the claims in the state court action are based on schemes in which the Debtor embezzled millions of dollars from Star, his long-time employer who employed him as its Sales Manager. (See Amended Complaint annexed to Debtor's motion as Exhibit B).

4. On March 15, 2021, in the state court action, the court issued an order striking

1

compensation by Star.  **(A copy of Jacqueline Cutillo's September 27, 2021 affidavit with only Exhibit 1 is annexed hereto as Exhibit "E").**

10.     In the state court action, on April 19, 2019, the state court granted the Debtor's partial motion to dismiss the Amended Verified Complaint, thus limiting the period for which Star could recover to a period of three years commencing on December 15, 2014.  Star filed an appeal (which has now been stayed due to Debtor's Petition) arguing that the period should not be limited to the three-year period and should cover the entire period that the Debtor was a faithless servant. **(A copy of Star's appeal of the April 19, 2019 Order is annexed hereto as Exhibit "F").** If the appeal is granted, it would add $1,151,165.63 more in noncontingent, liquidated, unsecured debt due by the Debtor to Star. (See Exh. E; see also Order in state court action annexed to Debtor's motion as Exhibit C).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 10, 2021.

>                    /s/ *Jamie S. Felsen*
> Jamie S. Felsen, Esq.

Debtor's Answer pursuant to CPLR § 3126 because of the Debtor's willful and contumacious conduct, for a period of well over a year, in failing to appear for his deposition despite court Orders and a stipulation to do so and the express direction of the Court. **(A copy of the March 15, 2021 Order is annexed hereto as Exhibit "A").**

5. On September 24, 2021, one business day before the September 27, 2021 scheduled inquest in the state court action, the Debtor filed with the Appellate Division Second Department an order to show cause seeking a temporary restraining order to immediately stay the inquest. **(A copy of Debtor's motion for a stay without exhibits of the inquest is annexed hereto as Exhibit "B").**

6. The Appellate Division Second Department immediately denied the Debtor's request for a temporary restraining order to stay the action. **(A copy of the Order denying Debtor's motion for a stay is annexed hereto as Exhibit "C").**

7. Late in the afternoon of September 24, 2021, after the Appellate Division Second Department denied the Debtor's request, the Debtor sought a stay from the Supreme Court, Queens County, the court before which the inquest was scheduled. **(A copy of Debtor's motion before Supreme Court, Queens County for a stay, along with Star's opposition, are annexed hereto as Exhibit "D").**

8. When the Supreme Court, Queens County did not immediately respond to the Debtor's request, solely as a last resort to stay the inquest from proceeding, on September 27, 2021, merely a few hours before the inquest was scheduled to proceed, the Debtor filed a Chapter 13 bankruptcy Petition which filing has automatically stayed the state court action.

9. As stated in Jacqueline Cutillo's September 27, 2021 affidavit submitted in the state court action and in support of Star's proof of claim in this action, during the Debtor's period of disloyalty to Star covering the three (3) year statutory period of December 15, 2014 through December 15, 2017 that survived the Debtor's motion to dismiss, Debtor was paid $550,726.86 in

2