# EXHIBIT B

At the Appellate Division, Second
Department of the Supreme Court of
the State of New York, at the
Courthouse thereof located at 45
Monroe Place, Brooklyn, New York
on the ____ day of September, 2021.

PRESENT:_____

      HON.

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION – SECOND DEPARTMENT
-----------------------------------------------------------------X

STAR AUTO SALES OF QUEENS LLC D/B/A
STAR SUBARU,

                  Plaintiff-Appellant,

    - against –

DOUGLAS   FILARDO   AND   SUBARU
MOTORSPORTS   D/B/A   MOTORSPORTS
ADVERTISING,

             Defendants-Respondents.

-----------------------------------------------------------------X

Dockett No. 2019-05817

**EMERGENCY ORDER
TO SHOW CAUSE**

Upon the annexed affidavit of the Douglas Filardo, a Respondent-Defendant, sworn to on September 24, 2021, and Affirmation of Ronald D. Weiss, Esq., counsel for the Appellant, dated September 24, 2021, the Notices of Appeal filed with the Court, the facts, and circumstances herein, and upon all the pleadings and proceedings heretofore had herein,

LET, STAR AUTO SALES OF QUEENS LLC D/B/A STAR SUBARU (hereinafter "Appellant-Plaintiff") show Cause before the Appellate Division, Second Department of the Supreme Court of the State of New York, the Courthouse located at 45 Monroe Place, Brooklyn, NY 11201, on the ____ day of _____, 2021 at ____ in the forenoon of that day or as soon thereafter as counsel can be heard,

**WHY AN ORDER SHOULD NOT BE MADE AND ENTERED** to stay the Inquest currently scheduled for September 27, 2021 at 2:30 pm to be conducted at the Queens County Supreme Court to determine the allegedly damages sustained by the Appellant-Plaintiff because the Plaintiff has appealed an Order of the lower court which dismissed a majority of the causes of action against the Respondents-Respondents-Defendants and a Decision on the appeal is necessary to clarify the causes of action at issue and to save judicial resources and time; and to stay any and all actions and proceedings for a judgment against the Respondents-Respondents-Defendants in the lower Court, Queens County Supreme Court action bearing Index number: 717443/2017, pending a determination of the appeal; and for such other and further relief as this Court deems just and proper.

SUFFICIENT CAUSE THEREFOR APPEARING, it is hereby

**ORDERED,** that pending the hearing and determination of this Order to Show Cause, pursuant to CPLR §5519, any actions, proceedings that could cause a judgment to be entered against the Respondents-Respondents-Defendants in the lower court action bearing Index Number: 717443/2017, including, but not limited to the Inquest scheduled for September 27, 2021, are hereby stayed, and it is further

**ORDERED,** that pending the hearing and determination of this Order to Show Cause, pursuant to CPLR § 5519, the Appellant-Plaintiff is stayed from filing any motions or other documents in the lower Court action pending against the Respondents-Respondents-Defendants in order to obtain a Judgment, inquest or trial, and it is further

**ORDERED,** that service of a copy of the within Order to Show Cause and the papers upon which it is based, be made on or before _____, 2021, upon Milman Labuda Law

Group PLLC, counsel for the Appellant-Plaintiff, with offices located at 300 Marcus Avenue, Suite 3W8, Lake Success by overnight delivery or email and by uploading a copy of this order to show cause and the papers upon which it was made to NYSCEF under the Appellate Division, Second Departments module, shall be deemed sufficient service thereof.

Dated

_____
HON.

APPELLATE DIVISION OF THE SUPREME COURT OF THE
STATE OF NEW YORK: SECOND DEPARTMENT
------------------------------------------------------------------X
STAR AUTO SALES OF QUEENS LLC D/B/A STAR
SUBARU,

                Plaintiff-Appellant,

      - against –

DOUGLAS FILARDO AND SUBARU MOTORSPORTS
D/B/A MOTORSPORTS ADVERTISING,

              Defendants-Respondents.
------------------------------------------------------------------X

Docket No.: 2019-05817

AFFIRMATION IN
SUPPORT OF
DEFENDANTS'
ORDER TO SHOW
CAUSE

      RONALD D. WEISS, an attorney duly admitted to practice before this Court affirms, under

the penalty of perjury, as follows:

      1.  I was just retained to represent the Respondents-Defendants in this action and am

familiar with the facts and circumstances regarding this case based upon my conversations with

my client and my review of the documents that were E-FILED in this case. Douglas Filardo

(hereinafter "Defendant-Respondent") is being sued Individually and as the Owner of SUBARU

MOTORSPORTS D/B/A MOTORSPORTS ADVERTISING. A copy of the Notice of

Appearance is annexed hereto as **Exhibit A.**

      2.  I am submitting this Affirmation in support of the Defendants-Respondent's

Order to Show Cause to Stay the Inquest currently scheduled for September 27, 2021, which

scheduled pursuant to an Order of the Hon. Marguerite Grays, J.S.C. of the Queens County

Supreme Court on March 15, 2021 that denied the Respondents-Defendants motion for a stay to

obtain new counsel and granted Plaintiff STAR AUTO SALES OF QUEENS LLC D/B/A STAR

SUBARU's (hereinafter "Plaintiff-Appellant") Cross-Motion to Sanction Defendant-

Respondent for not appearing for a deposition, and granting Defendant-Respondent such other and further relief as this Court deems just, proper and equitable.

3. Plaintiff-Appellant's Opposing counsel has been provided notice of this application by email sent on September 23, 2021. This notice was provided as counsel is requesting a stay of the Inquest on the issue of damages, which is currently scheduled for September 27, 2021. Proof of this notification is annexed hereto as **Exhibit B.**

### PROCEDURAL HISTORY

4. Plaintiff-Appellant commenced this action only against Defendant-Respondent by filing a Summons and Verified Complaint with the office of the Queens County Clerk on December 15, 2017. In the Complaint, Plaintiff-Appellant sought monies for actions that allegedly took place when Defendant-Respondent was employed by Plaintiff-Appellant as a sales manager. Plaintiff-Appellant alleged that some of the alleged activities that damaged Plaintiff-Appellant occurred in 2008. A copy of the Summons and Verified Complaint is annexed hereto as **Exhibit C.**

5. A Notice of Appearance was filed by Erik M. Bashian, Esq. of Bashian & Papantoniou on behalf of Defendant-Respondent. A copy of the Notice of Appearance is annexed hereto as **Exhibit D.**

6. An Amended Verified Complaint was filed on March 1, 2018, which added SUBARU MOTORSPORTS D/B/A MOTORSPORTS ADVERTISING (hereinafter "Subaru Motorsports") as a Defendant. A copy of the Amended Verified Complaint is annexed hereto as **Exhibit E.**

7. Prior counsel for Respondents-Defendants filed a Motion to Dismiss the action and causes of action against Respondents-Defendants on March 27, 2018. The Hon. Marguerite Grays,

J.S.C. granted the Motion in part and dismissed certain causes of action and limited others as barred due to the expiration of the Statute of Limitations. In particular, the Court dismissed the cause of action for fraud and civil conspiracy and limited the causes of action for alleged conversion and unjust enrichment because acts that took place before December 15, 2014 were time barred. A copy of the Order of March 29, 2019 is annexed hereto as **Exhibit F.**

8. Plaintiff-Appellant filed a notice of Appeal of this Order to the Appellate Division, Second Department and the appeal was assigned Docket Number 2019-05817. This appeal was perfected by the filing of the Appellant's Brief on December 31, 2019, the filing of the Respondent's Brief on July 6, 2020 and the filing of the Reply Brief on July 29, 2020. Copies of the Notice of Appeal and the Appellate Court Docket are annexed hereto as **Exhibit G.**

9. Upon information and belief, a Decision has not been rendered on this appeal. In filing this appeal, the Appellant-Plaintiff is seeking the reversal of the Order that dismissed certain causes of action against Respondent-Defendant and Subaru Motorsports. The Appellate Court grant the relief and reinstate all or some of the causes of action, which were dismissed by the Supreme Court. To have an adjudication regarding damages allegedly sustained by Plaintiff-Appellant before The Appellate Court renders its Decision would be a waste of judicial resources and time as there could be additional causes of action and additional damages sought at a later date.

10. Prior counsel for Respondent-Defendant and Subaru Motorsports filed an Answer with Affirmative Defenses on April 29, 2019. A copy of the Answer is annexed hereto as **Exhibit H.**

11. Plaintiff-Appellant filed a Motion to Compel Discovery. This Motion was Denied by the Hon. Marguerite Grays by Order dated May 27, 2020 and Plaintiff-Appellant's First

Request for the Production of Discovery Material and Plaintiff-Appellant's First Interrogatories to Respondent-Defendant and Subaru Motorsports were vacated as they were too broad. A copy of this Order is annexed hereto as **Exhibit I.**

12. Plaintiff-Appellant filed a Notice of Appeal of the Order of May 27, 2020 on June 30, 2020. A copy of the Notice of Appeal is annexed hereto as **Exhibit J.**

13. Respondent-Defendant and Subaru Motorsports filed a Withdrawal and Discharge of Attorney dated September 2, 2020 on September 3, 2020. A copy of this Discharge and Withdrawal is annexed hereto as **Exhibit K.**

14. Respondent-Defendant filed a motion for a 60 day stay of all proceedings to obtain new counsel on October 13, 2020. Plaintiff-Appellant filed a Cross-Motion for an Order sanctioning Respondent-Defendant for failing to appear for deposition. By Order dated March 15, 2021 the Judge in the lower Court denied the Respondent-Defendant's *Pro Se Motion* without prejudice as it was defective and the supporting Affidavit was not signed. In this Decision, the Judge in the Lower Court also noted that the Respondent-Defendant's Withdrawal and Discharge of Attorney was ineffective as Respondent-Defendant and Subaru Motorsports prior counsel did not sign it. A copy of the Order is annexed hereto as **Exhibit L.**

15. In the aforesaid Order, the Judge in the Lower Court granted the Plaintiff-Appellant's Cross-Motion and stuck the Respondent-Defendant and Subaru Motorsports Answer.

16. Plaintiff-Appellant filed a Note of Issue and an Inquest to determine the damages has been scheduled for September 27, 2021 at 2:30 pm.

17. Due to the fact that Plaintiff-Appellant is appealing the Order dated March 29, 2019, which was entered on April 19, 2019, that dismissed the causes of action for fraud and civil conspiracy and limited other causes of action as alleged acts of Respondent-Defendant and Subaru

Motorsports prior to December 15, 2014 were time-barred, we respectfully request a stay of the Inquest pending a determination of the appeal.

18. In appealing the aforesaid Order, Plaintiff-Appellant is seeking the reversal of the lower Court order and the reinstatement of the other causes of action against Respondent-Defendant and Subaru Motorsports. While this appeal is pending, it would be premature to conduct an Inquest. If any of the dismissed causes of action are reinstated, Plaintiff-Appellant could seek additional damages, and this would necessitate an additional court hearing. I submit that this would be a waste of judicial resources and time.

19. A stay pending a determination of the appeals is necessary because:

a. <u>**INTRINSIC QUESTIONS BEING DECIDED IN APPEAL OF SOLELY BASED UPON DISMISSAL OF CAUSES OF ACTION**</u>

- the Appellate Division may decide that the Decision of the lower court should be modified and additional causes of action asserted against Respondent-Defendant and Subaru Motorsports should be dismissed, in addition to the causes of action for fraud and civil conspiracy and could decide to dismiss the entire complaint as time barred. Since these questions as to the statute of limitations are intrinsic to the existence of Plaintiff-Appellant's complaint and the amount (if any) in damages Plaintiff-Appellant can claim, the Inquest should be stayed.

b. <u>**INTRINSIC QUESTIONS BEING DECIDED IN SECOND APPEAL BASED UPON DISCOVERY DISPUTES**</u>

- Plaintiff-Appellant's second appeal was based upon the lower Court Judge's denial of Plaintiff-Appellant's Motion to Compel Discovery. The lower Court ruled for Respondent-Defendant and Subaru Motorsports and vacated Plaintiff-Appellant's First Request for the Production of Documents and the First Set of Interrogatories. This Decision by the lower Court shows that there were issues regarding the scope and breathe of discovery. The lower Court Judge's

subsequent decision to strike Respondent-Defendant and Subaru Motorsports Answer for lack of cooperation in attending a deposition went against the spirit of the lower Court's earlier ruling.

## c. INQUEST FOR DAMAGES INAPPROPRIATE

-the litigation portion of the case did not proceed because Plaintiff-Appellant has appealed the Decisions that dismissed certain causes of action against Respondent-Defendant and Subaru Motorsports and vacated its discovery demands. When Respondent-Defendant was proceeding as a *Pro Se* litigant and made mistakes in representing himself, which should be corrected, so that the case can be decided on the merits. Plaintiff-Appellant obtained the Order striking the Answer when Respondent-Defendant was requesting additional time to get a new attorney. Plaintiff-Appellant's win was a technical, cheap win after Plaintiff-Appellant had been losing the case and was appealing decisions of the Judge several times.

## RESPONDENTS-DEFENDANTS HAVE ASSERTED MERITORIOUS DEFENSES

20. I further submit that Respondent-Defendant and Subaru Motorsports have a meritorious defense to this action. Plaintiff-Appellant has alleged in the Amended Verified Complaint that the Respondent-Defendant, "embezzled" or converted over a million-dollar Plaintiff-Appellant during the course of his employment as a sales manager for Plaintiff-Appellant. Plaintiff-Appellant has asserted that the actions of Respondent-Defendant took place from 2008 until 2017. This action was commenced by Plaintiff-Appellant by filing a Summons and Verified Complaint on December 15, 2017, which was 9 years after the initial alleged actions by Respondent-Defendant took place. This means presumably that it took Plaintiff-Appellant 9 years to discover the acts alleged in the complaint.

21. Plaintiff-Appellant has failed to provide any proof of embezzlement by the Respondent-Defendant after 4 years of litigation. Plaintiff-Appellant has not corroborated or confirmed its claims asserted against Respondent-Defendant. Upon information and belief, there

were problems elsewhere in the car dealership with another high-level employee, who was accused of embezzlement. It appears that the Plaintiff-Appellant is making an assumption that she worked with others.

22. Upon information and belief, no criminal charges were filed against Respondent-Defendant, no criminal indictment was issued, and Respondent-Defendant was not convicted of any crime. Plaintiff-Appellant expects damages in excess of a million dollars that was allegedly convert, stolen, embezzled by Respondent-Defendant, but not one criminal charge has been filed.

23. In addition, Plaintiff-Appellant appears to have a vendetta against Respondent-Defendant as Plaintiff-Appellant commenced a separate action in the Queens County Supreme Court under Index Number: 702350/2018 in February of 2018, which was approximately 3 months after this action was commenced.

24. Plaintiff-Appellant has alleged that Defendant Francine Filardo and her husband, Respondent-Defendant embezzled and stole between a million and two million dollars from Plaintiff-Appellant, but no criminal charges were ever filed. Upon information and belief, there never was a criminal investigation.

25. The claims, which are the basis for the action against Defendant Francine Filardo, concern her alleged acting in concert and with knowledge of her husband's activities while he was employed as a sales manager for Plaintiff-Appellant for a period of time that exceeded ten (10) years.

26. The action against Defendant Francine Filardo was originally dismissed by Order of the Hon. Denis J. Butler, J.S.C. dated June 24, 2019 and entered on July 1, 2019.

27.     Thereafter, counsel for Plaintiff-Appellant Filed a Notice of Appeal and moved to reargue and renew Defendant Francine Filardo's Motion to Dismiss and its Motion for Leave to Amend the Complaint.

28.     The lower Court rendered a Decision & Order on December 9, 2019 reversing its prior Decision and granted Plaintiff-Appellant leave to file and serve an Amended Verified Complaint. The Amended Verified Complaint was served on Defendant Francine Filardo's prior counsel, who filed a Motion to Dismiss, which was denied as stated above.

29.     The Amended Verified Complaint asserts five (5) causes of action against Defendant Francine Filardo, namely the following: unjust enrichment, money had and received, aiding and abetting another's breach of fiduciary duty, conversion, civil conspiracy of conversion. The causes of action asserted against Defendant Francine Filardo bear a sticking similarity to the causes of action asserted by Plaintiff-Appellant against Respondent-Defendant.

30.     It is also interesting to note that when Defendant Francine Filardo was a *Pro Se* litigant and sought a stay to obtain new counsel, counsel for Plaintiff-Appellant moved for a default judgment against her. The Judge had initially granted the Plaintiff-Appellant's Motion and an Inquest was scheduled. This firm was retained as counsel for Defendant Francine Filardo and filed an Order to Show Cause to vacate her default and permit the filing of a late Answer. This application was granted by the Hon. Denis J. Butler, J.S.C. A copy of the Order is annexed hereto as **Exhibit M.**

## STAY PENDING APPEAL IS WARRANTED

31.     CPLR §5519 provides that:

(c) Stay and limitation of stay by court order. The court from or to which an appeal is taken or the court of original instance may stay all proceedings to enforce the judgment or order appealed from pending an appeal or determination on a motion for permission to appeal in a case not provided for in subdivision (a)

or subdivision (b), or may grant a limited stay or may vacate, limit or modify any stay imposed by subdivision (a), subdivision (b) or this subdivision, except that only the court to which an appeal is taken may vacate, limit or modify a stay imposed by paragraph one of subdivision (a).

32. In this case, the Appellate Court should exercise its discretion and stay the Inquest pending a determination of the appeal.

33. The granting of a stay pending an appeal rest in the sound discretion of the court. See Genet v. President, Etc. D. & H. Canal Co., 113 N.Y. 472, 21 N.E. 390(1889).

34. In Tax Equity Now LLC v. City of New York, 173 AD 3d 464, 104 NYS 3d 50 (1st Dept. 2019), the Appellate Division exercised its inherent authority to grant discretionary stay of proceedings pending appeal of Supreme Court Order denying motion of City of New York and New York City Department of Finance to dismiss, and granting in part and denying in part motion of State of New York and New York Office of Real Property Tax to dismiss, in limited liability company's (LLC) action for injunctive and declaratory relief to remedy alleged inequities in City's property tax system.

35. The Court clearly has the authority to grant a stay pending the resolution of the appeal. See Belfand v. Petosa, 196 AD3d 60, 148 NYS3d 457 (1st Dept. 2021) (Appellate Division granted a stay of second trial pending resolution of the appeal).

36. The Decision to strike the Respondent-Defendant's Answer, which has resulted in the Inquest being scheduled, was an extremely strict decision where the Court made a 180 degree change in the approach to the case after the lower Court had previously dismissed multiple causes of action and had stuck the Plaintiff-Appellant's discovery demands. The stark change in the approach by the lower Court needs to be reviewed by the lower Court for its logical, equitable and legalistic consistency and fairness.

37.    The Respondent-Defendant and Subaru Motorsport prior counsel was successful in having the lower Court limit the causes of action against Respondent-Defendant and Subaru Motorsport. In the order of March 15, 2019, the Court dismissed all of the causes of action for fraud as the court found that they were actually part of the conversion. The lower Court dismissed the cause of action for civil conspiracy as this is not a valid cause of action in New York, and the Court limited the causes of action for conversion, unjust enrichment and breach of loyalty and faithless servant doctrine to the alleged acts from December 15, 2014. The lower Court ruled that any and all prior alleged actions were time-barred due to the applicable Statute of Limitations.

38.    As afore stated, Plaintiff-Appellant filed a Notice of Appeal of the Order of the lower Court that dismissed certain causes of action against the Respondent-Defendant and Subaru Motorsports and limited the other causes of action. In its Appellant's Brief, the Plaintiff-Appellant has argued that:

I. The Court below erred in Dismissing Plaintiff-Appellant s Causes of Action That Accrued Prior to December 15, 2014.

A. Plaintiff-Appellant's Cause of Action for Breach of Duty of Loyalty and Faithless Servant Doctrine Before December 15, 2014 are not time barred;

B. Plaintiff-Appellant's Cause of Action for conversion is not time-barred; and

C. A Six-Year statute of Limitations applies to Plaintiff-Appellant's Cause of Action for unjust Enrichment

II. The Court Below Erred in Dismissing Plaintiff-Appellant's Causes of Action Sounding in Fraud.

A. The Causes of Action sounding in fraud are not incidental to the Conversion Cause of Action; and

B. Plaintiff-Appellant's Cause of Action Sounding in Fraud was timely filed.

III. Plaintiff-Appellant Sufficiently Pled Each Cause of Action Sounding in Fraud.

A copy of the Appellant's Brief is annexed hereto as **Exhibit N.**

39.     The Respondent-Defendant and Subaru Motorsports argued in the Respondents-Defendants Brief that:

I. The Lower Court Correctly Dismissed the Causes of Action Sounding in Fraud Because (1) They Are Incidental to and Duplicative of the Conversion Cause of Action; and (2) They Are Not Pled with Particularity.

II. The Lower Court Correctly Held that the Three-Year Statute of Limitations Bars the Claims for Conversion, Fraud, Breach of Duty of Loyalty, Faithless Servant Doctrine and Unjust Enrichment Accruing Before December 15, 2014.

A. The Lower Court correctly held that the cause of action alleging conversion is barred by the three-year Statute of Limitations;

B. The Lower Court correctly held that the causes of action sounding in fraud are barred by the three-year Statute of Limitations;

C. The Lower Court correctly held that the causes of action for breach of the Duty of Loyalty and the Faithless Service Doctrine are barred by the Three-Year Statute of Limitations; and

D. The Lower Court correctly held that the cause of action for unjust enrichment is barred by the three-year Statute of Limitations.

A copy of the Respondents-Defendants Brief is annexed hereto as **Exhibit O.**

40.     For the lower Court to conduct an Inquest on the issue of Plaintiff-Appellant's alleged damages is clearly premature. By filing the Appeal of the lower Court Order that dismissed certain causes of action and severely limited the breath of the other causes of action, the entire case against Respondent-Defendant and Subaru Motorsports is uncertain. At this point in time, the Respondent-Defendant and Subaru Motorsports cannot adequately defend the case because they do not know whether the lower court dismissal order could be reversed or modified.

41.     Without an Appellate Court determination of the appeal, Respondent-Defendant and Subaru Motorsports are blindly defending the case, and there is no clarity of the alleged actions, if any, that require a defense. Plaintiff-Appellant is seeking the right to assert actions committed by Respondent-Defendant and Subaru Motorsports from 2008 through to 2017.

42.     It is clear that a stay of the Inquest is absolutely necessary pending a determination of the underlying appeal.  A Decision has not been rendered by the Appellate Division.

WHEREFORE, the undersigned asks that the relief requested in Respondent-Defendant and Subaru Motorsports Order to Show cause be granted and for such other and further relief for the Respondent-Defendant as this Court deems just and equitable.

Dated: September 24, 2021
        Melville, New York

                                    Yours, etc.
                                    RONALD D. WEISS P.C.


                                    Attorneys for Respondents-Defendants
                                    734 Walt Whitman Road, Suite 203
                                    Melville New York 11747
                                    Tel: (631) 271-3737

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION – SECOND DEPARTMENT
-------------------------------------------------------------------X
STAR AUTO SALES OF QUEENS LLC D/B/A STAR
SUBARU,

                   Plaintiff-Appellant,

    - against -                                  Docket No.: 2019-05817

DOUGLAS    FILARDO    AND    SUBARU
MOTORSPORTS    D/B/A    MOTORSPORTS           **AFFIDAVIT IN SUPPORT**
ADVERTISING,

                   Defendants-Respondents.
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF SUFFOLK    )

        DOUGLAS FILARDO, being duly sworn deposes and says:

    1.    I am being sued by STAR AUTO SALES OF QUEENS LLC D/B/A STAR

SUBARU (hereinafter "Plaintiff-Appellant") in this action Individually and as the Sole Proprietor

of SUBARU MOTORSPORTS D/B/A MOTORSPORTS ADVERTISING (hereinafter "Subaru

Motorsports").

    2.    I reside at 27 Montauk Highway, West Hampton, NY 11977.

    3.    I am submitting this Affidavit in support of my Order to Show Cause to stay the

Inquest currently scheduled for September 27, 2021 at 2:30 pm in the Queens County Supreme

Court under Index Number 717443/2017; and for such other and further relief as this Court deems

just, proper and equitable.

    4.    I just retained the Law Office of Ronald D. Weiss, PC to defend me in this action.

A copy of the Notice of Appearance is annexed hereto as **Exhibit A.**

5.    I was previously represented by Erik M. Bashian, Esq. of Bashian & Papantoniou, PC (hereinafter "Prior Counsel").

6.    I have been advised by counsel that this action was commenced by Plaintiff-Appellant against Respondents-Defendants for monetary damages and in the Amended Verified Complaint, Plaintiff-Appellant asserted causes of action for the following: (1) aiding and abetting fraud, (2) civil conspiracy, (3) fraud and deceit, (4) unjust enrichment, (5) money had and received, (7) fraud by nondisclosure, (8) breach of fiduciary duty, (9) breach of duty of loyalty, (10) violation of the faithless servant doctrine, (11)conversion, and (12) fraudulent concealment by fiduciary.

7.    Plaintiff-Appellant filed a Summons and Verified Complaint commencing this action in December of 2017. An Amended Verified Complaint was filed in March of 2018. A copy of the Amended Verified Complaint is annexed hereto as **Exhibit C**.

8.    My Prior Counsel filed a Motion to Dismiss the action on March 27, 2018. I have been advised that the Hon. Marguerite Grays, J.S.C. granted the Motion in part and dismissed all of the causes of action for fraud and civil conspiracy. In addition, the Judge limited some of the other causes of action due to the Statute of Limitations, such that Plaintiff-Appellant would be barred from obtaining recovery for any acts that took place prior to December 15, 2014. A copy of the Order of the Court is annexed hereto as **Exhibit D**.

9.    My Prior Counsel further informed me that counsel for Plaintiff-Appellant filed an appeal of this Order, and that the appeal was perfected as the Plaintiff-Appellant filed a Brief. My attorney filed a Respondents-Defendants Brief on my behalf on July 6, 2020, and Plaintiff-Appellant filed a Reply Brief on July 29, 2020.  Copies of the Notice of Appeal and Appellate Division docket for the appeal are annexed hereto as **Exhibit E**.

10.     Upon information and belief, this appeal is still pending with the Appellate Division. I do not belief that a Decision was rendered.

11.     I could not afford to pay the legal fees requested by my Prior Counsel and, therefore could not utilize his legal services any longer.

12.     I filed a Motion for a 60 day stay of all proceedings so that I would have time to get another attorney to represent me in this case. I filed this motion in October of 2020.

13.     I do not have any legal knowledge or training. I believed that my application to the court for a stay to obtain new counsel would stay all proceedings until the Court rendered a Decision.

14.     I had difficulty retaining new counsel in this matter due to the Coronavirus. I was afraid of contracting the virus and avoided consulting attorneys. Due to my age and the fact that I have underlying health conditions I avoided going to law offices for a period of time.

15.     In addition, I thought that all court proceedings were stayed due to the Coronavirus and the fact that I heard that many Courts were closed to the public.

16.     By Order dated March 15, 2021, the Judge denied my motion for a stay of all court proceedings as the motion was defective and not signed. The Judge noted that the Discharge of my prior counsel was not valid because it was not signed by my prior attorney. A copy of the Order is annexed hereto as **Exhibit L**.

17.     In addition, I have been advised by my new counsel that the Judge granted a Cross-Motion that was filed by counsel for Plaintiff-Appellant to strike my Answer due to my failure to appear for a deposition. I did not oppose the Cross-Motion because I am not familiar with Motion practice and did not understand that I had an opportunity to oppose the Cross-Motion. See Exhibit L.

18. After the Order of March 15, 2021 was rendered, counsel for Plaintiff-Appellant obtained an Inquest date. An Inquest is currently scheduled for September 27, 2021 at 2:30 pm.

19. I retained the Law Office of Ronald D. Weiss, PC to represent me in this action on September 20, 2021.

20. The Order struck my Answer and led to the scheduling of the Inquest, was brought about in part because I did not have advice of counsel at the time.

21. I believe that I have valid defenses to this action as the action. The lower Court granted the Motion to Dismiss filed by my Prior Counsel and dismissed some of the causes of action and limited the scope of others.

22. My Prior Counsel filed an Answer with 22 Affirmative Defenses. A copy of the Answer with Affirmative Defenses is annexed hereto as **Exhibit H**.

23. In addition, Plaintiff-Appellant has alleged that I converted over a million dollars from Plaintiff-Appellant, but I have not been charged or convicted of any crime.

24. I have been advised by counsel that the appeal by Plaintiff-Appellant could result in the reinstatement of some of the causes of action against me that were already dismissed and then Plaintiff-Appellant could litigate them. Until the appeal is decided, there should not be any Inquest or trial in this case.

[REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK]

WHEREFORE, the undersigned requests that this Court grant the Defendant's Order to Show Cause and for such other and further relief for the Defendant as this Court deems just and equitable.

Sworn to before me this
24th day of September, 2021

Notary Public
Ronald D. Weiss
NOTARY PUBLIC, State of New York
No. 02WE5041400
Qualified in Suffolk County
Commission Expires 4/3/2023

Ronald D. Weiss
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02WE5041400
Qualified in Suffolk County
Commission Expires 04/03/2023