# EXHIBIT F

FILED: QUEENS COUNTY CLERK 05/01/2019 09:36 AM
NYSCEF DOC. NO. 45

FILED: APPELLATE DIVISION - 2ND DEPT 07/09/2019 02:33 PM
NYSCEF DOC. NO. 1

INDEX NO. 717443/2017
RECEIVED NYSCEF: 05/01/2019
2019-05817
RECEIVED NYSCEF: 07/09/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS – COMMERCIAL DIVISION**
------------------------------------------------------------x

STAR AUTO SALES OF QUEENS LLC
D/B/A STAR SUBARU;

**Index No.: 717443/2017**

Plaintiff,

DOUGLAS FILARDO and
SUBARU MOTORSPORTS D/B/A                       <u>**NOTICE OF APPEAL**</u>
MOTORSPORTS ADVERTISNG,

Defendants.

------------------------------------------------------------x

**PLEASE TAKE NOTICE,** that Plaintiff, Star Auto Sales of Queens LLC d/b/a Star

Subaru, hereby appeals to the Appellate Division of the Supreme Court of the State of New York,

Second Judicial Department, from an Order of the Supreme Court of the State of New York,

Queens County, entered on April 19, 2019.

Dated:     Lake Success, New York
           May 1, 2019

                                    **MILMAN LABUDA LAW GROUP PLLC**

                                    <u>/s/ Jamie S. Felsen, Esq.</u>
                                    Jamie S. Felsen, Esq.
                                    *Attorneys for Plaintiff*
                                    3000 Marcus Avenue, Suite 3W8
                                    Lake Success, NY 11042
                                    (516) 328-8899 (office)
                                    (516) 328-0082 (facsimile)
                                    jamie@mllaborlaw.com

To:     Queens County Clerk
        88-11 Sutphin Boulevard
        Jamaica, New York 11435

        Erik M. Bashian, Esq.
        Bashian & Papantoniou, P.C.
        *Attorney for Defendants*
        500 Old Country Road, Suite 302
        Garden City, New York 11530
        Tel. (516) 279-1554
        Fax. (516) 213-0339

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No. 717443/2017

---------------------------------------------------------------X

STAR AUTO SALES OF QUEENS LLC
D/B/A STAR SUBARU;

**SHORT FORM ORDER
DATED MARCH 29, 2019
WITH NOTICE OF ENTRY**

    Plaintiff,

   -against-

DOUGLAS FILARDO and
SUBARU MOTORSPORTS D/B/A
MOTORSPORTS ADVERTISING,

Motion Seq. No 1

    Defendant.

---------------------------------------------------------------X

    **PLEASE TAKE NOTICE** that the within is a true copy of the Short Form Order
dated March 29, 2019 and duly entered in the Office of the Clerk of the within named
Court on or about April 19, 2019.

Dated: Garden City, New York
   April 19, 2019

            BASHIAN & PAPANTONIOU, P.C.

By:  _____
    Erik M. Bashian, Esq.
    *Attorneys for Defendant*
    500 Old Country Road, Suite 302
    Garden City, New York 11530
    Tel. (516) 279-1554
    Fax. (516) 213-0339

TO:  Jamie S. Felsen, Esq.
   Milman Labuda Law Group PLLC
   *Attorneys for Plaintiffs*
   3000 Marcus Avenue, Suite 3W8
   Lake Success, New York 11042
   Tel. (516) 328-8899

Short Form Order

NEW YORK SUPREME COURT - QUEENS COUNTY

Present: **HONORABLE MARGUERITE A. GRAYS**         IAS PART 4
                                **Justice**
-----------------------------------------------------------------x
STAR AUTO SALES OF QUEENS LLC D/B/A                Index
STAR SUBARU,                                       No.: 717443/2017

                            Plaintiff(s),          Motion
                                                   Date: July 10, 2018

            -against-                              Motion
                                                   Cal. No.: 27

DOUGLAS FILARDO and SUBARU MOTORSPORTS             Motion
D/B/A MORTORSPORTS ADVERTISING,                    Seq. No.: 1

                            Defendant(s).
-----------------------------------------------------------------x

The following papers numbered 1- 15 read on this motion by defendants for an Order: (1) pursuant to CPLR §3211(a)(7), dismissing the first cause of action for breach of fiduciary duty, fourth cause of action for aiding and abetting fraud, sixth cause of action for fraudulent concealment by fiduciary, seventh cause of action for civil conspiracy, eighth cause of action for fraud and deceit, ninth cause of action for promissory estoppel, tenth cause of action unjust enrichment, eleventh cause of action for money had and received, and twelfth cause of action for fraud by non-disclosure; and (2) pursuant to CPLR §3211(a)(5), dismissing all claims and causes of action that are alleged to have accrued before December 15, 2014.

|                                                   | PAPERS NUMBERED |
|---------------------------------------------------|-----------------|
| Notice of Motion - Affid.-Exhibits................ | 1 - 8           |
| Answering Affidavits - Exhibits .................. | 9 - 11          |
| Reply Affidavits - Exhibits ...................... | 12 -15          |

Upon the foregoing papers it is ordered that defendants' motion is determined as follows:

Plaintiff commenced this action on December 15, 2017, by filing a Summons and Verified Complaint. On March 1, 2018, plaintiff filed an Amended Verified Complaint

alleging defendant Douglas Filardo (Filardo) engaged in illegal and improper conduct during his employment as a sales manager with Plaintiff. Specifically, plaintiff alleges that Filardo, with the help of Vivian Karouzakis, plaintiff's former office manager, and, thereafter, her sister, Despina Theocharis, the subsequent office manager, embezzled and misappropriated plaintiff's money from in or around 2013 through July 2017. Plaintiffs allege that Filardo used annual advance payments from Subaru of America Inc. to plaintiff, to cover up the theft of approximately $455,000.00 in cash deposits from plaintiff's customers. Plaintiff further alleges that from 2008 through December 2016, Filardo used defendant Motorsports Advertising, Filardo's company, as an intermediary between plaintiff and New Vision Advertising, which provided advertising services to plaintiff, and created fake invoices with marked-up prices above the price New Vision Advertising had actually billed plaintiff. Plaintiff contends it paid the invoices by issuing checks to Motorsports and defendants, in turn, paid the cheaper invoices actually issued by New Vision and kept the difference, which totaled approximately $1,400,000.00.

Defendants move herein to dismiss plaintiff's Amended Verified Complaint pursuant to CPLR §3211(a)(5) and (7). Plaintiff opposes the motion.

On a motion to dismiss a complaint pursuant to CPLR §3211 (a) (5) on the ground that the applicable statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired *(Geotech Enterprises, Inc. v. 181 Edgewater, LLC,* 137 AD3d 1213 [2016]; *Wells Fargo Bank, N.A. v. Eitani,* 148 AD3d 193 [2017]; *Ross v Jamaica Hosp. Med. Ctr.,* 122 AD3d 607 [2014]; *Landow v Snow Becker Krauss, P.C.,* 111 AD3d 795 [2013]; *Zaborowski v Local 74, Service Employees International Union, AFL-CIO,* 91 AD3d 768 [2012]).* The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable *(Geotech Enterprises, Inc. v. 181 Edgewater, LLC,* 137 AD3d 1213 [2016]; *Ross v. Jamaica Hospital Medical Center,* 122 AD3d 607 [2014]).

A cause of action alleging conversion must be commenced within three years of the alleged conversion *(see CPLR §214 [3]; Matter of Imperato,* 149 AD3d 1072 [2017]). Generally, a conversion cause of action accrues on the date on which the conversion takes place *(Geotech Enterprises, Inc. v. 181 Edgewater, LLC,* 137 AD3d 1213 [2016]; *Dimatteo v. Consentino,* 71 AD3d 1430 [2010]). Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he or she disposes of the property, whichever is earlier *(Dimatteo v. Consentino,* 71 AD3d 1430 [2010]). Here, plaintiff contends that defendants' alleged ill-gotten possession of plaintiff's money was never lawful.

2

Defendants established, prima facie, that since the alleged conversion occurred in 2008, and plaintiff did not commence this action until December 15, 2017, the cause of action alleging acts of conversion prior to December 15, 2014 are time-barred.

In opposition, plaintiff failed to raise an issue of fact as to whether the statute of limitations was tolled, or whether this action to recover damages was commenced within the applicable limitations period *(Geotech Enterprises, Inc. v. 181 Edgewater, LLC,* 137 AD3d 1213 [2016]).

Plaintiff's causes of action sounding in fraud (fourth, sixth, eighth, and twelfth), which are incidental to the cause of action for conversion, are likewise time-barred *(Rattenni v. Cerreta,* 285 AD2d 636 [2001]).

A cause of action alleging unjust enrichment is governed by the six-year statute of limitations of CPLR §213 (1), which begins to run upon the occurrence of the alleged wrongful act *(Wikiert v. City of New York,* 128 AD3d 128 [2015]; *Williams-Guillaume v. Bank of America, N.A.,* 130 AD3d 1016 [2015]). However, the three-year statute of limitations of CPLR 214 (3) governs here, since the plaintiff is seeking monetary, as opposed to equitable, relief *(Ingrami v Rovner,* 45 AD3d 806, 808, 847 NYS2d 132 [2007]; *Lambert v Sklar,* 30 AD3d 564, 817 NYS2d 378 [2006]). Thus, plaintiff's claims for unjust enrichment that accrued before December 15, 2014 are likewise time-barred.

The branch of defendants' motion to dismiss plaintiff's causes of action for breach of loyalty and faithless servant doctrine which accrued before December 15, 2014, is granted. New York law does not provide a single statute of limitations for breach of fiduciary duty claims; rather, the choice of the applicable statute of limitations period depends on the substantive remedy that the plaintiff seeks *(IDT Corp. v. Morgan Stanley Dean Witter and Co.,* 12 NY3d 132; *Loengard v Santa Fe Indus.,* 70 NY2d 262). Where the relief sought is equitable in nature, the six-year limitations period of CPLR §213 (1) applies *(IDT Corp. v. Morgan Stanley Dean Witter and Co.,* 12 NY3d 132). Where, however, the remedy sought is purely monetary in nature, courts construe the suit as alleging "injury to property" within the meaning of CPLR §214 (4), which has a three-year limitations period *(IDT Corp. v. Morgan Stanley Dean Witter and Co.,* 12 NY3d 132). Here, plaintiff seeks purely monetary damages for its claims.

However, the branch of defendants' motion to dismiss the cause of action for breach of fiduciary duty is denied. In opposition to the defendants' prima facie showing, the plaintiff raised a question of fact as to whether the statute of limitations was tolled pursuant to the fiduciary tolling rule or the "repudiation rule," under which the applicable statutory period does not begin to run until the fiduciary has openly repudiated his or her obligation

3

• or the relationship has been otherwise terminated *(Franklin v. Haffika,* 140 AD3d 922 [2016]; *New York State Worker's Compensation Board v. Consolidated Risk Services, Inc.,* 125 AD3d 1250 [2015]; *Incorporated Village of Muttontown v. Ryba,* 121 AD3d 757 [2014]).

On a motion to dismiss pursuant to CPLR §3211, the pleadings are afforded a liberal construction and the Court accepts facts as alleged in the complaint as true, accords plaintiff the benefit of every possible favorable inference, and determines only whether the facts as alleged fit within any cognizable legal theory *(Morone v. Morone,* 50 NY2d 481; *Rovello v. Orofino Realty Co.,* 40 NY2d 633 [1976]).

The branch of defendants' motion to dismiss the fraud causes of action (fourth, sixth, eighth, and twelfth), is granted. The facts set forth in plaintiff's Amended Verified Complaint clearly allege a claim for damages for conversion of plaintiff's monies *(Mohan v. Hollander,* 303 AD2d 473 [2003]; *Rattenni v. Cerreta,* 285 AD2d 636 [2001]). Where a cause of action alleging fraud is merely incidental to a conversion cause of action, and the only purpose the fraud claim serves in the complaint is to avoid the three-year Statute of Limitations for conversion, the cause of action alleging fraud should be dismissed *(Mohan v. Hollander,* 303 AD2d 473 [2003]; *Rattenni v. Cerreta, 285 AD2d 636 [2001]).* Fraud is characterized as incidental where the allegations of fraud, at most, represent the means of accomplishing the alleged misappropriation and are only an incident of that wrong, without which alleged misappropriation the plaintiff would have no claim at all *(Marketxt Holdings Corp. v. Engel & Reiman, P.C.,* 693 F.Supp.2d 387). Here, since the fraud causes of action are merely incidental to the conversion cause of action, the causes of action sounding in fraud are dismissed.

The branch of defendants' motion to dismiss the causes of action sounding in fraud (fourth, sixth, eighth, and twelfth) for failure to meet the statutory heightened pleading requirement is granted. Plaintiff's Amended Verified Complaint fails to allege the essential elements of a fraud claim, to wit, misrepresentation or omission of a material fact, which a defendants knew to be false (scienter) and made with the intent of inducing the other party to rely on the misrepresentation or mission, justifiable reliance by the other party on the misrepresentation or omission, and injury *(Chung v. Wang,* 79 AD3d 693 [2010]; *RBE Northern Funding, Inc. v. Stone Mountain Holdings, LLC,* 78 AD3d 807 [2010]), and thus fails to satisfy the specificity and particularity requirement of CPLR §3016[b] *(Barclay Arms, Inc. v. Barclay Arms Association,* 74 NY2d 644).

The branch of defendants' motion to dismiss the cause of action for breach of fiduciary duty as against defendant Filardo upon the ground that no fiduciary relationship existed between plaintiff and Filardo, is denied.

4

Defendants argue that the allegations set forth in the Amended Verified Complaint do not demonstrate the existence of anything other than a standard, conventional employer-employee business relationship between plaintiff and Filardo, which, without more, is insufficient to create a fiduciary relationship *(DiTolla v. Doral Denatl IPA of N.Y., LLC*, 100 AD3d 586 [2012]; *AHA Sales, Inc. v. Creative Bath Products, Inc.*, 58 AD3d 6 [2008]).

A fiduciary relationship is one founded upon trust or confidence reposed by one person in the integrity and fidelity of another *(AHA Sales, Inc. v. Creative Bath Products, Inc.*, 58 AD3d 6 [2008]). Here, the plaintiff sufficiently alleged the existence of a fiduciary relationship between it and Filardo, its sales manager since March 2006. It can be said that from such a long enduring relation was born a special relationship of trust and confidence between the parties *(AHA Sales, Inc. v. Creative Bath Products, Inc.*, 58 AD3d 6 [2008]).

The branch of defendants' motion to dismiss the causes of action for fraudulent concealment and fraud by non-disclosure based upon the absence of a fiduciary duty and fiduciary relationship between the parties, is accordingly denied.

The branch of the motion to dismiss the ninth cause of action for promissory estoppel, is denied. The elements of a cause of action sounding in promissory estoppel are: (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) an injury sustained in reliance on the promise *(Rogers v Town of Islip*, 230 AD2d 727; *Freedman & Son v A.I. Credit Corp.*, 226 AD2d 1002). The Amended Verified Complaint adequately states, for pleading survival purposes, a cause of action for promissory estoppel. Whether the complaint can later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss *(Litvinoff v. Wright*, 150 AD3d 714 [2017]).

The branch of the motion to dismiss the seventh cause of action for civil conspiracy is granted. New York does not recognize an independent cause of action for civil conspiracy *(Kickertz v. New York University*, 110 AD3d 268 [2013]; *Scott v. Fields*, 85 AD3d 756 [2011]; *Ward v. City of New York*, 15 AD3d 392 [2005]).

The remaining branches of defendants' motion are denied as meritless.

Dated:

**MAR 29 2019**

MARGUERITE A. GRAYS
J.S.C.

FILED

APR. 19 2019

COUNTY CLERK
QUEENS COUNTY

5

# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| Star Auto Sales of Queens LLC d/b/a Star Subaru, <br><br> Plaintiff, <br><br> - against - <br><br> Douglas Filardo and Subaru Motorsports d/b/a Motorsports Advertising, <br><br> Defendants. | Date Notice of Appeal Filed <br><br> For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| ■ Civil Action | ☐ CPLR article 78 Proceeding | ■ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ☐ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ☐ Business Relationships | ■ Commercial | ☐ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ■ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | |
|---|---|
| Paper Appealed From (Check one only): | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ■ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| Court: | Supreme Court | County: | Queens |
|---|---|---|---|
| Dated: | 03/29/2019 | Entered: April 19, 2019 | |
| Judge (name in full): Marguerite A. Grays | | Index No.: 717443/2017 | |
| Stage: ■ Interlocutory ☐ Final ☐ Post-Final | | Trial: ☐ Yes ■ No If Yes: ☐ Jury ☐ Non-Jury | |

### Prior Unperfected Appeal and Related Case Information

Are any appeals arising in the same action or proceeding currently pending in the court?     ☐ Yes ■ No

If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

N/A

### Original Proceeding

| Commenced by: ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: |
|---|---|
| Statute authorizing commencement of proceeding in the Appellate Division: | |

### Proceeding Transferred Pursuant to CPLR 7804(g)

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Order of Transfer Date: | |

### CPLR 5704 Review of Ex Parte Order:

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Dated: | |

### Description of Appeal, Proceeding or Application and Statement of Issues

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

Plaintiff-Appellant appeals from Justice Grays' Decision and Order granting Defendants' motion to dismiss in part. Plaintiff-Appellant seeks an Order reversing the lower court's Decision and Order, with respect to each cause of action that the court dismissed.

Informational Statement - Civil

**Issues:** Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

Did the lower court err in granting Defendants' motion to dismiss the following causes of action on the ground that claims that accrued prior to December 15, 2014 are time-barred: the second cause of action for breach of duty of loyalty, third cause of action for violation of the faithless servant doctrine, fourth cause of action for aiding and abetting of fraud, fifth cause of action for conversion, sixth cause of action for fraudulent concealment by fiduciary, eight cause of action for fraud and deceit, tenth cause of action for unjust enrichment, and twelfth cause of action for fraud by nondisclosure?

Did the lower court err in granting Defendants' motion to dismiss the fourth cause of action for aiding and abetting of fraud, sixth cause of action for fraudulent concealment by fiduciary, eight cause of action for fraud and deceit, and twelfth cause of action for fraud by nondisclosure on the ground that these causes of action are merely incidental to the conversion cause of action?

Did the lower court err in granting Defendants' motion to dismiss the fourth cause of action for aiding and abetting of fraud, sixth cause of action for fraudulent concealment by fiduciary, eight cause of action for fraud and deceit, and twelfth cause of action for fraud by nondisclosure because they failed to meet the statutory heightened pleading requirement?

### Party Information

**Instructions:** Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|------------|-----------------|---------------------------|
| 1 | Star Auto Sales of Queens LLC d/b/a Star Subaru | Plaintiff | Appellant |
| 2 | Douglas Filardo | Defendant | Respondent |
| 3 | Subaru Motorsports d/b/a Motorsports Advertising | Defendant | Respondent |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement - Civil

| Attorney Information |
|---|

**Instructions:** Fill in the names of the attorneys or firms for the respective parties. If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided. In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

| | | | | |
|---|---|---|---|---|
| **Attorney/Firm Name:** Jamie S. Felsen, Esq., Milman Labuda Law Group PLLC | | | | |
| **Address:** 3000 Marcus Avenue, Suite 3W8 | | | | |
| **City:** Lake Success | **State:** NY | **Zip:** 11042-1073 | **Telephone No:** (516) 328-8899 | |
| **E-mail Address:** jamiefelsen@mllaborlaw.com | | | | |
| **Attorney Type:** ■ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | | |
| **Party or Parties Represented (set forth party number(s) from table above):** 1 | | | | |
| **Attorney/Firm Name:** Erik M. Bashian, Esq. | | | | |
| **Address:** 500 Old Country Road, Suite 302 | | | | |
| **City:** Garden City | **State:** NY | **Zip:** 11530 | **Telephone No:** (516) 279-1554 | |
| **E-mail Address:** eb@bashpaplaw.com | | | | |
| **Attorney Type:** ■ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | | |
| **Party or Parties Represented (set forth party number(s) from table above):** 2, 3 | | | | |
| **Attorney/Firm Name:** | | | | |
| **Address:** | | | | |
| **City:** | **State:** | **Zip:** | **Telephone No:** | |
| **E-mail Address:** | | | | |
| **Attorney Type:** ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | | |
| **Party or Parties Represented (set forth party number(s) from table above):** | | | | |
| **Attorney/Firm Name:** | | | | |
| **Address:** | | | | |
| **City:** | **State:** | **Zip:** | **Telephone No:** | |
| **E-mail Address:** | | | | |
| **Attorney Type:** ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | | |
| **Party or Parties Represented (set forth party number(s) from table above):** | | | | |
| **Attorney/Firm Name:** | | | | |
| **Address:** | | | | |
| **City:** | **State:** | **Zip:** | **Telephone No:** | |
| **E-mail Address:** | | | | |
| **Attorney Type:** ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | | |
| **Party or Parties Represented (set forth party number(s) from table above):** | | | | |
| **Attorney/Firm Name:** | | | | |
| **Address:** | | | | |
| **City:** | **State:** | **Zip:** | **Telephone No:** | |
| **E-mail Address:** | | | | |
| **Attorney Type:** ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | | |
| **Party or Parties Represented (set forth party number(s) from table above):** | | | | |

Informational Statement – Civil

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS -- COMMERCIAL DIVISION
----------------------------------------------------------------x

STAR AUTO SALES OF QUEENS LLC
D/B/A STAR SUBARU;                                           Index No.: 717443/2017

                              Plaintiff,

DOUGLAS FILARDO and
SUBARU MOTORSPORTS D/B/A                          **AFFIDAVIT OF SERVICE**
MOTORSPORTS ADVERTISNG,

                              Defendants.
----------------------------------------------------------------x

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

**SOPHIA FREIMAN**, being duly sworn, deposes and says:

1.      I am not a party to this action; am over eighteen (18) years of age; reside in Great

Neck, New York; and that on the 1st day of May, 2019, I served the within **NOTICE OF**

**APPEAL**, with all accompanying exhibits upon:

       Bashian & Papantoniou, P.C.
       Attn: Erik M. Bashian, Esq.
       500 Old Country Road, Suite 302
       Garden City, New York 11530

by depositing a true copy of the same enclosed in a post-paid, properly addressed wrapper, in an

official deposit under the exclusive care and custody of the United States Postal Service within

the State of New York.

Dated: Lake Success, New York
       May 1, 2019

                                                    _S. Fim_
                                                    _____
                                                    **SOPHIA FREIMAN**

Subscribed and sworn to before me
this  1st  day of May, 2019

_____
**NOTARY PUBLIC**

                              JAMIE FELSEN
                       Notary Public, State of New York
                              No. 02FE6154383
                         Qualified in Nassau County
                    Commission Expires ~~October 23, 2016~~
                                                12/15/22

1

FILED: APPELLATE DIVISION - 2ND DEPT 12/31/2019 02:02 PM

NYSCEF DOC. NO. 7

2019-05817

RECEIVED NYSCEF: 12/31/2019

*To Be Argued By:*
Joseph M. Labuda
*Time Requested: 15 Minutes*

# 𝔑𝔢𝔴 𝔜𝔬𝔯𝔨 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔠𝔬𝔲𝔯𝔱

## APPELLATE DIVISION — SECOND DEPARTMENT



STAR AUTO SALES OF QUEENS LLC
D/B/A STAR SUBARU,

*Plaintiff-Appellant,*

*against*

DOUGLAS FILARDO and SUBARU MOTORSPORTS
D/B/A MORTORSPORTS ADVERTISING,

*Defendants-Respondents.*

**Docket No.
2019-05817**

## BRIEF FOR PLAINTIFF-APPELLANT

MILMAN LABUDA LAW GROUP PLLC
*Attorneys for Plaintiff-Appellant*
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
516-328-8899
joe@mllaborlaw.com
jamie@mllaborlaw.com

*Of Counsel:*
  Joseph M. Labuda
  Jamie S. Felsen

*Queens County Clerk's Index No. 717443/17*

# TABLE OF CONTENTS

ISSUES PRESENTED.................................................................................1

PRELIMINARY STATEMENT .............................................................3

STATEMENT OF FACTS ......................................................................4

STANDARD OF REVIEW ......................................................................6

ARGUMENT .............................................................................................7

   I.  THE COURT BELOW ERRED IN DISMISSING PLAINTIFF'S CAUSES
      OF ACTION THAT ACCRUED PRIOR TO DECEMBER 15, 2014.................7

     A. Plaintiff's Causes of Action for Breach of Duty of Loyalty and Faithless
        Servant Doctrine Before December 15, 2014, Are Not Time Barred ...............7

     B. Plaintiff's Cause of Action for Conversion is Not Time Barred ................12

     C. A Six-Year Statute of Limitations Applies to Plaintiff's Cause of Action
        for Unjust Enrichment..........................................................................14

   II.  THE COURT BELOW ERRED IN DISMISSING PLAINTIFF'S CAUSES
      OF ACTION SOUNDING IN FRAUD .............................................................14

     A. The Causes of Action Sounding in Fraud Are Not Incidental to the
        Conversion Cause of Action ..........................................................................14

     B. Plaintiff's Causes of Action Sounding in Fraud Were Timely Filed..........17

   III. PLAINTIFF SUFFICIENTLY PLED EACH CAUSE OF ACTION
      SOUNDING IN FRAUD ......................................................................................19

CONCLUSION.........................................................................................21

# TABLE OF AUTHORITIES

**Cases**

936 Coogans Bluff, Inc. v. 936-938 Cliffcrest Hous. Dev. Fund Corp., No. 850011/13, 2017 N.Y. Misc. LEXIS 3268 (Sup. Ct. N.Y. Cty. 2017) ................. 20

Andersen v. Weinroth, 48 A.D.3d 121, 849 N.Y.S.2d 210 (1st Dep't 2007) ....... 18

Calderon v. Mullarkey Realty, LLC, No. 14-CV-2616 (PKC)(RLM), 2018 U.S. Dist. LEXIS 97224 (E.D.N.Y. June 10, 2018) ....................................... 9

Chung v. Wang, 79 A.D.3d 693, 912 N.Y.S.2d 647 (2d Dep't 2010) ................. 19

Connaughton v. Chipotle Mexican Grill, Inc., 29 N.Y.3d 137 (2017) ................... 7

Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132 (2009) .............. 8, 12

DiRaimondo v. Calhoun, 131 A.D.3d 1194, 17 N.Y.S.3d 722 ............................ 17

Farkas v. Farkas, 168 F.3d 638 (2d Cir. 1999) ...................................... 19

Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928 (1977) ................................. 9

Franklin v. Hafftka, 140 A.D.3d 922 (2d Dep't 2016) .......................... 11

General Stencils v. Chiappa, 18 N.Y.2d 125 (1966) ....................... 13, 19

Golden Pac. Bancorp v. FDIC, 273 F.3d 509 (2d Cir. 2001) .................. 8

Guggenheimer v. Ginzburg, 43 N.Y.2d 268 (1977) ............................... 6

In re Blumenthal, 32 A.D.3d 767, 822 N.Y.S.2d 27 (1st Dep't 2006) ................. 10

Kaufman v. Cohen, 307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dep't 2003) ...................................................................... 15, 20, 21

Inc. Vill. of Muttontown v. Ryba, 121 A.D.3d 757 (2d Dep't 2014) ................... 11

Kolchins v. Evolution Mkts., Inc., 31 N.Y.3d 100 (2018) ...................... 6

Khaldei v. Kaspiev, 135 F. Supp. 3d 70 (S.D.N.Y. 2015) ..................... 10

Leon v. Martinez, 84 N.Y.2d 83 (1994) ............................... 6

<u>Libreros v. Gallo</u>, No. 3623/16, 2016 N.Y. Misc. LEXIS 4642 (Sup. Ct. Queens Cty. 2016) ............................................................................................ 8, 11

<u>Loeuis v. Grushin</u>, 126 A.D.3d 761, 5 N.Y.S.3d 283 (2d Dep't 2015) ................. 14

<u>Mitschele v. Schultz</u>, 36 A.D.3d 249, 826 N.Y.S.2d 14 (1st Dep't 2006) ...... 18, 20

<u>Monteleone v. Monteleone</u>, 162 A.D.3d 761, 78 N.Y.S.3d 247 ........................... 12

<u>N. Coast Outfitters, Ltd. v. Darling</u>, 134 A.D.3d 998, 24 N.Y.S.3d 92 (2d Dep't 2015) ...................................................................................................... 13, 14

<u>Matter of Therm, Inc.</u>, 132 A.D.3d 1137, 18 N.Y.S.3d 739 (3d Dep't 2015) ......... 8

<u>People v. Ben</u>, 55 A.D.3d 1306, 866 N.Y.S.2d 464 (4th Dep't 2008) ................... 8

<u>Qosina Corp. v. C&N Packaging, Inc.</u>, 96 A.D.3d 1032, 948 N.Y.S.2d 308 (2d Dep't 2012) ............................................................................................... 18

<u>Scott v Fields</u>, 2011 NY Slip Op 30858(U) (Sup Ct, Nassau County 2011) ........ 17

<u>U.S. Bank Nat'l Ass'n v. Gordon</u>, No. 2018-07689, 2019 N.Y. App. Div. LEXIS 7443 (2d Dep't 2019) ................................................................................ 7

<u>Visual Arts Foundation, Inc. v. Egnasko</u>, 91 A.D.3d 578, 939 N.Y.S.2d 13 (1st Dep't 2012) .................................................................................................. 9

<u>Westwood Chem. Co. v. Kulick</u>, 570 F. Supp. 1032 (S.D.N.Y. 1983) ................... 9

<u>William Floyd Union Free Sch. Dist. v. Wright</u>, 61 A.D.3d 856, 877 N.Y.S.2d 395 (2d Dep't 2009) ............................................................................................. 10

<u>Zakresky v. Graduate Sch. of Figurative Art of N.Y. Acad. of Arts</u>, No. 604121/07, 2009 N.Y. Misc. LEXIS 2286 (Sup. Ct. N.Y. Cty. 2009) ....................... 9

**Statutes**

CPLR § 213 ......................................................................................... 17

CPLR § 214 ......................................................................................... 14

CPLR § 3016 .................................................................................... 2, 20

CPLR § 3211 ................................................................................... 3, 6, 7

## ISSUES PRESENTED

1.     Did the lower court err in granting Defendants' motion to dismiss the following causes of action on the ground that claims that accrued prior to December 15, 2014 are time-barred: the second cause of action for breach of duty of loyalty, third cause of action for violation of the faithless servant doctrine, fourth cause of action for aiding and abetting of fraud, fifth cause of action for conversion, sixth cause of action for fraudulent concealment by fiduciary, eight cause of action for fraud and deceit, tenth cause of action for unjust enrichment, and twelfth cause of action for fraud by nondisclosure?

**Answer of the Court below:** The Court below held that a three-year statute of limitations period applies because Plaintiff sought monetary relief, so Plaintiff's claims for breach of duty of loyalty and the faithless servant doctrine accruing prior to December 15, 2014 were time barred. The Court below declined to toll the statute of limitations during Defendant Douglas Filardo's employment with Plaintiff. Furthermore, the Court below held that any alleged acts of conversion prior to December 15, 2014 were time barred, but the Court below disregarded the six-year statute of limitations when a cause of action for conversion is based upon fraud. Additionally, the lower court held that a three-year statute of limitations applies to the cause of action for unjust enrichment because Plaintiff is seeking monetary relief,

as opposed to equitable relief, but the Court below failed to consider that the cause of action sounding in unjust enrichment is equitable in nature.

2.      Did the lower court err in granting Defendants' motion to dismiss the fourth cause of action for aiding and abetting of fraud, sixth cause of action for fraudulent concealment by fiduciary, eight cause of action for fraud and deceit, and twelfth cause of action for fraud by nondisclosure on the ground that these causes of action are merely incidental to the conversion cause of action?

**Answer of the Court below:** The Court below held that the causes of action alleging fraud should all be dismissed because they were merely incidental to the conversion cause of action.

3.      Did the lower court err in granting Defendants' motion to dismiss the fourth cause of action for aiding and abetting of fraud, sixth cause of action for fraudulent concealment by fiduciary, eighth cause of action for fraud and deceit, and twelfth cause of action for fraud by nondisclosure because they failed to meet the statutory heightened pleading requirement?

**Answer of the Court below:** The Court below held that Plaintiff's Amended Verified Complaint failed to allege the essential elements of a fraud claim and thus failed to satisfy the specificity and particularity requirement of CPLR § 3016.

## PRELIMINARY STATEMENT

Defendants-Respondents, Douglas Filardo ("Filardo") and Subaru Motorsports d/b/a Motorsports Advertising ("Motorsports Advertising") (collectively, "Defendants"), moved to dismiss the following cause of actions from the Amended Verified Complaint, pursuant to CPLR § 3211(a)(7): the first cause of action for breach of fiduciary duty, fourth cause of action for aiding and abetting fraud, sixth cause of action for fraudulent concealment by fiduciary, seventh cause of action for civil conspiracy, eighth cause of action for fraud and deceit, ninth cause of action for promissory estoppel, tenth cause of action for unjust enrichment, eleventh cause of action for money had and received, and twelfth cause of action for fraud by non-disclosure. (R. 4). Defendants also moved pursuant to CPLR §3211(a)(5) to dismiss all claims and causes of action that are alleged to have accrued before December 15, 2014. (R. 4). Defendants-Respondents' motion was granted in part and denied in part by the lower court's March 29, 2019 Order (filed on April 19, 2019). (R. 4-8). Plaintiff-Appellant, Star Auto Sales of Queens LLC d/b/a Star Subaru ("Star Subaru" or "Plaintiff") respectfully appeals the lower court's decision.

The lower court misapplied the law and disregarded certain facts in rendering the March 29, 2019 Order. For the reasons set forth below, the lower court's

decision must be reversed and Defendants' motion to dismiss must be denied in its entirety on several grounds.

First, the lower court failed to toll the statute of limitations during Filardo's employment with Plaintiff for the breach of duty of loyalty and faithless servant claims, which accrued prior to December 15, 2014. These causes of action are not time barred and must encompass all acts dating back to Filardo's first disloyal act during his employment with Plaintiff.

Second, the lower court should have applied a six-year statute of limitations period for the conversion cause of action because it is based upon fraud and the doctrine of equitable estoppel applies.

Third, the lower court should have applied a six-year statute of limitations period for the unjust enrichment cause of action because this cause of action is equitable in nature.

Fourth, Plaintiff's fraud claims are not merely incidental to the conversion cause of action and were timely filed.

Lastly, Plaintiff sufficiently pled each cause of action sounding in fraud.

## STATEMENT OF FACTS

Star Subaru is a family owned car dealership located in Bayside, New York. (R. 16-17 ¶¶ 2-7). Filardo was employed by Star Subaru as a sales manager from approximately March 2006 to November 2017. (R. 17 ¶¶ 8-9). Motorsports

Advertising is a corporation formed, owned, and operated by Filardo and his wife Francine Filardo. (R. 17 ¶¶ 10-11).

For more than a decade, Star Subaru employed Filardo as a sales manager in a position of trust and confidence. (R. 17-18 ¶¶ 9, 16). At Star Subaru, Filardo was responsible for overseeing all matters relating to new and used sales, including but not limited to selling vehicles, ordering vehicles, overseeing advertising, hiring and firing of sales persons, and managing the sales force on a day-to-day basis. (R. 18 ¶¶ 13-15). In consideration for his performance of this trusted and crucial position, Star Subaru paid Filardo handsomely. Indeed, Filardo received over one million dollars in wages plus benefits during his employment. (R. 18 ¶ 17).

Despite the lucrative compensation he was paid by Star Subaru, Filardo engaged in multiple schemes to steal significant sums of money from Star Subaru. At Filardo's recommendation, Star Subaru hired New Vision Advertising to provide advertising for Star Subaru. (R. 20-21 ¶¶ 35-36). However, unbeknownst to Star Subaru, Filardo created Motorsports Advertising for the sole purpose of acting as an intermediary between Star Subaru and New Vision Advertising, with the intent of marking up prices for Star Subaru. (R. 20 ¶¶ 33, 35). Filardo did, in fact, use New Vision Advertising to fraudulently up-charge Star Subaru. (R. 21 ¶ 37). Not surprisingly, Filardo went to great lengths to conceal his misdeeds–he provided Star Subaru with fake invoices showing the marked-up prices, and specifically instructed

New Vision Advertising that it should not communicate with Star Subaru directly or it would lose its contract with Motorsports Advertising. (R. 21 ¶¶ 37-41). Similarly, Filardo intentionally and fraudulently withheld information regarding advance payments from Subaru of America. (R. 28 ¶ 99).

Star Subaru suffered substantial economic loss because of Defendants' improper conduct. (R. 18-22 ¶¶ 19-47).

## STANDARD OF REVIEW

The standard of review on a motion to dismiss under CPLR § 3211 is *de novo*. See Kolchins v. Evolution Mkts., Inc., 31 N.Y.3d 100, 105-06 (2018). *De novo* review is without limitation or restriction and affords no deference to the lower court.

When resolving a motion to dismiss pursuant to CPLR § 3211(a)(7), the facts alleged in the complaint must be regarded as true and the court must "accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory." Leon v. Martinez, 84 N.Y.2d 83, 87-88 (1994); Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 274-75 (1977). Motions to dismiss pursuant to CPLR § 3211(a)(7) are based on "whether the proponent of the pleading has a cause of action, not whether he has stated one," due to the extremely liberal pleading standards afforded to plaintiffs at the initial stages of any litigation. Leon, 84 N.Y.2d at 88. Dismissal of a complaint is warranted only if the plaintiff fails to assert facts in support of an element of the

claim or if the factual allegations and inferences to be drawn from them do not allow for an enforceable recovery. <u>Connaughton v. Chipotle Mexican Grill, Inc.</u>, 29 N.Y.3d 137, 142 (2017).

In addition, when moving to dismiss pursuant to CPLR § 3211(a)(5), a defendant bears the initial burden of demonstrating that the time within which to commence the action has expired. CPLR § 3211(a)(5). If the defendant meets this burden, the burden then shifts to the plaintiff to raise a question of fact as to whether the action was actually commenced within the period specified by the defendant or whether the statute of limitations has been tolled or was otherwise inapplicable. <u>Id.</u>; <u>U.S. Bank Nat'l Ass'n v. Gordon</u>, No. 2018-07689, 2019 N.Y. App. Div. LEXIS 7443, at *2-3 (2d Dep't 2019).

## ARGUMENT

## I. THE COURT BELOW ERRED IN DISMISSING PLAINTIFF'S CAUSES OF ACTION THAT ACCRUED PRIOR TO DECEMBER 15, 2014

### A. Plaintiff's Causes of Action for Breach of Duty of Loyalty and Faithless Servant Doctrine Before December 15, 2014, Are Not Time Barred

The lower court held that because Plaintiff sought monetary relief, a three-year statute of limitations period applied to Plaintiff's causes of action for breach of duty of loyalty and the faithless servant doctrine, and any acts prior to December 15,

2014 on these claims were time barred. (R. 6). However, the lower court failed to address tolling of the statute of limitations.

It is well settled that the "statute of limitations for a claim alleging a breach of fiduciary duty is tolled until there has been an open repudiation by the fiduciary or the relationship has otherwise been clearly terminated." Libreros v. Gallo, No. 3623/16, 2016 N.Y. Misc. LEXIS 4642, at *5 (Sup. Ct. Queens Cty. 2016) (quoting Matter of Therm, Inc., 132 A.D.3d 1137, 1138, 18 N.Y.S.3d 739, 740 (3d Dep't 2015)). "The reason for such a tolling rule is that the beneficiary should be entitled to rely upon a fiduciary's skill without the necessity of interrupting a continuous relationship of trust and confidence by instituting suit." People v. Ben, 55 A.D.3d 1306, 1308, 866 N.Y.S.2d 464, 465 (4th Dep't 2008) (quoting Golden Pac. Bancorp v. FDIC, 273 F.3d 509, 519 (2d Cir. 2001)). Furthermore, the purpose behind tolling the statute of limitations for breach of fiduciary duty claims is identical for claims alleging breach of duty of loyalty. Libreros, 2016 N.Y. Misc. LEXIS 4642, at *5-6.[1]

Here, the statute of limitations was tolled until the relationship between Star Subaru and Defendant ended which occurred when Filardo resigned from his

---

[1] Even more perplexing is that the Libreros case cited to a Court of Appeals decision to toll the statute of limitations—IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132 (2009)—and the lower court relied on this same decision to limit the statute of limitations to three (3) years. (R. 6).

8

employment on November 21, 2017. (R. 18 ¶ 13). Star Subaru then had three (3) years to file its complaint, which would extend back (by virtue of the tolling) to the earliest breach of duty of loyalty by Filardo. Thus, as long as Plaintiff filed its complaint within three (3) years of the end of Filardo's employment with Plaintiff (which is the case here), Plaintiff's causes of action for breach of duty of loyalty and the faithless servant doctrine are tolled until the date of Filardo's first disloyal act.

A faithless or disloyal employee forfeits his right to compensation for services performed during the period of his disloyalty. Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928, 928 (1977); Westwood Chem. Co. v. Kulick, 570 F. Supp. 1032, 1040 (S.D.N.Y. 1983). Under the faithless servant doctrine, an employer is entitled to recover all compensation paid to a disloyal employee during any period of disloyalty. Visual Arts Foundation, Inc. v. Egnasko, 91 A.D.3d 578, 579, 939 N.Y.S.2d 13, 14 (1st Dep't 2012); see, e.g., Calderon v. Mullarkey Realty, LLC, No. 14-CV-2616 (PKC)(RLM), 2018 U.S. Dist. LEXIS 97224, at *21 (E.D.N.Y. June 10, 2018) (referring to underlying New York state court complaint where employee was obligated to disgorge "the amount of compensation [he] received from [the date of first disloyal act] to last date of his employment"). Compensation includes the total salary the employee received, as well as any other forms of remuneration. Id.; see also Zakresky v. Graduate Sch. of Figurative Art of N.Y. Acad. of Arts, No. 604121/07, 2009 N.Y. Misc. LEXIS 2286, at *18 (Sup. Ct. N.Y. Cty. 2009) ("Here,

the complaint alleges that [plaintiff] pled guilty to stealing from [defendant] during the period when he was serving as the [defendant's] comptroller. 'Where, as here, [plaintiff] engaged in repeated acts of disloyalty, complete and permanent forfeiture of compensation, deferred or otherwise, is warranted under the faithless servant doctrine.'" (quoting William Floyd Union Free Sch. Dist. v. Wright, 61 A.D.3d 856, 859, 877 N.Y.S.2d 395, 397 (2d Dep't 2009)); Khaldei v. Kaspiev, 135 F. Supp. 3d 70, 85-86 (S.D.N.Y. 2015) ("Where, as here, a [party] has engaged in multiple acts of disloyalty over a significant period of time—lasting not just months, but years . . . forfeiture of any compensation owed during that time is clearly warranted.").

Additionally, when the employee has been repeatedly disloyal during the employee's tenure, compensation may not be apportioned for periods where disloyalty is not found. In re Blumenthal, 32 A.D.3d 767, 768, 822 N.Y.S.2d 27, 28 (1st Dep't 2006). Courts are less sympathetic towards employees who committed fraud or other illegal acts against their employers, and have denied such employees' rights to compensation. See, e.g., Khaldei, 135 F. Supp. 3d at 85-86; Calderon, 2018 U.S. Dist. LEXIS 97224, at *21.

It must be noted that the lower court did hold that the repudiation rule applies, thereby tolling the statute of limitations for the cause of action of breach of fiduciary duty. (R. 6-7). However, this cannot be reconciled with the lower court's refusal to apply the repudiation rule and toll the statute of limitations for Plaintiff's claims of

10

breach of duty of loyalty and faithless servant doctrine.  See Libreros, 2016 N.Y. Misc. LEXIS 4642, at *5-6.  The reasoning behind tolling these three (3) claims are all the same, i.e. not to interrupt a continuous relationship of trust, and the lower court's decision currently undermines the very purpose behind tolling the statute of limitations on these causes of action.  An employer is not required or expected to monitor their employees on a day-to-day basis to investigate whether they breached their duties.  By entering into an employment relationship, an employer is entitled to reasonably rely on the presumption that their employee will act in accordance with that relationship by not acting as a faithless servant.  This is why courts have consistently held that the statute of limitations is tolled until there has been an open repudiation by the employee or the relationship has otherwise been terminated. See e.g. Franklin v. Hafftka, 140 A.D.3d 922, 924 (2d Dep't 2016) citing Inc. Vill. of Muttontown v. Ryba, 121 A.D.3d 757 (2d Dep't 2014) (holding under the "repudiation rule" that the limitations period for a cause of action alleging a breach of fiduciary duty relationship does not begin to run until the fiduciary has openly repudiated his obligation or the relationship has been otherwise terminated).

Here, the statute of limitations was tolled until Filardo's employment ended on November 21, 2017 and Plaintiff was required to file its claim for the breach of duty of loyalty and the faithless servant doctrine no later than November 21, 2020. Since Plaintiff commenced the instant lawsuit well within that timeframe (in

December 2017), these causes of action were not time barred and must encompass all acts dating back to Filardo's first disloyal act during his employment with Plaintiff.However, the lower court did not consider whether <u>tolling</u> applied to conduct prior to December 15, 2014 after holding that these causes of action were timely filed by Plaintiff. (<u>See</u> R. 6, 8). The lower court primarily relied upon <u>IDT Corp. v. Morgan Stanley Dean Witter & Co.</u>, which did not involve tolling since the defendant did not breach its fiduciary duty, and no damages were suffered by plaintiff until <u>after</u> the fiduciary relationship had already ended. 12 N.Y.3d 132, 140-141 (2009). In contrast, Filardo breached his duty of loyalty while still working at Star Subaru in a fiduciary relationship.

Therefore, Plaintiff's causes of action for breach of duty of loyalty and the faithless servant doctrine, which accrued prior to December 15, 2014, are not time barred.

**B.    Plaintiff's Cause of Action for Conversion is Not Time Barred**

The lower court erred in holding that a three-year statute of limitations for Plaintiff's cause of action for conversion applies and that any such acts occurring prior to December 15, 2014 were time barred. (R. 6).

When a cause of action for conversion is based upon fraud, it is governed by the six-year statute of limitations period set forth in CPLR § 213(8). <u>Monteleone v. Monteleone</u>, 162 A.D.3d 761, 762, 78 N.Y.S.3d 247, 248 (2d Dep't 2018). Since

Plaintiff's conversion claim is based upon fraud, the lower court should have applied the six-year statute of limitations.

In addition, the court failed to consider equitable estoppel in deciding that any allegations of conversion prior to December 15, 2014 are time barred. "The doctrine of equitable estoppel will preclude a defendant from asserting the statute of limitations as a defense where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." N. Coast Outfitters, Ltd. v. Darling, 134 A.D.3d 998, 999, 24 N.Y.S.3d 92, 94 (2d Dep't 2015) (citing General Stencils v. Chiappa, 18 N.Y.2d 125, 128 (1966)). General Stencils involved a conversion claim by an employer against an embezzling bookkeeper who, over a period of 9 years, stole over $30,000 of petty cash and used his position as lead bookkeeper to conceal the theft. General Stencils, 18 N.Y.2d at 126. There, the Court of Appeals held that equitable estoppel barred the statute of limitations defense for conversion because the "carefully considered crime . . . produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." Id. at 128.

Here, like General Stencils, Defendants are equitably estopped from asserting a statute of limitations defense because Filardo as a fiduciary was able to conceal the conversion. "Where the defendant has a fiduciary duty to the plaintiff, the doctrine of equitable estoppel may be invoked based on the defendant's failure to disclose

facts underlying the claim." See N. Coast Outfitters, 134 A.D.3d at 999, 24 N.Y.S.3d at 94.

### C. A Six-Year Statute of Limitations Applies to Plaintiff's Cause of Action for Unjust Enrichment

Relying on CPLR § 214(3), the lower court held that Plaintiff's cause of action for unjust enrichment has a three-year statute of limitations because Plaintiff seeks monetary relief instead of equitable relief. (R. 6). However, a cause of action for unjust enrichment is equitable in nature, so a six-year statute of limitations applies. Loeuis v. Grushin, 126 A.D.3d 761, 765, 5 N.Y.S.3d 283, 288 (2d Dep't 2015) (holding that six-year statute of limitations applied to plaintiff's cause of action for unjust enrichment because it was equitable in nature).

## II. THE COURT BELOW ERRED IN DISMISSING PLAINTIFF'S CAUSES OF ACTION SOUNDING IN FRAUD

### A. The Causes of Action Sounding in Fraud Are Not Incidental to the Conversion Cause of Action

The lower court erred in dismissing Plaintiff's causes of action sounding in fraud (fourth, sixth, eighth, and twelfth causes of action), holding that "the fraud causes of action are merely incidental to the conversion cause of action." (R. 7). However, the allegations in the Amended Complaint demonstrate that the fraud and conversion claims are separate and distinct from each other, warranting separate relief under distinct legal theories. Specifically, Filardo's fraud stemmed from, inter

alia, his acts of concealing the advertising expenses Plaintiff paid that Filardo had a duty to disclose to Star Subaru.

A cause of action for fraud "may be predicated on acts of concealment where the defendant had a duty to disclose material information. Thus, where a fiduciary relationship exists, the mere failure to disclose facts which one is required to disclose may constitute actual fraud, provided the fiduciary possesses the requisite intent to deceive." Kaufman v. Cohen, 307 A.D.2d 113, 119-20, 760 N.Y.S.2d 157, 165 (1st Dep't 2003). In Kaufman, the plaintiffs alleged that the defendant owed them a fiduciary duty as partners to disclose an opportunity to reacquire an interest in a commercial property, but instead the defendant intentionally and deliberately concealed his own efforts to reacquire such interest with new financial partners. Id. at 120, 760 N.Y.S.2d at 165. The Kaufman court held that "these allegations are not merely incidental to the breach of fiduciary duty claim, and, instead, state a valid cause of action for actual fraud" by the defendant. Id.

Here, Plaintiff's allegations sounding in fraud are analogous to the allegations in Kaufman, so they are not merely incidental to Plaintiff's conversion cause of action. The lower court already held that Plaintiff sufficiently alleged the existence of a fiduciary relationship between itself and Filardo. (R. 6-7). In addition, Plaintiff alleged that Filardo intentionally and deliberately concealed information and made numerous false representations in breach of his fiduciary duty. In the Amended

Complaint, Plaintiff alleges the following instances where Defendants made false representations and deliberately concealed information:

- Filardo created several fake invoices on behalf of Motorsports Advertising at markup prices over and above the price that New Vision Advertising had billed Star Subaru, which Filardo hand delivered to Star Subaru's office employees. Star Subaru paid these invoices by issuing checks to Motorsports Advertising. (R. 21 ¶ 37).
- Filardo entered New Vision Advertising's Tax Identification Number as the Tax Identification Number for Motorsports Advertising in Star Subaru's Dealership Management System ("DMS") as a means to disguise and willfully conceal this scheme from Star Subaru. (R. 21 ¶ 39).
- Filardo told New Vision Advertising to not speak with Michael Koufakis or they would lose Star Subaru's business. (R. 21 ¶ 41).
- Defendants had knowledge of a scheme to defraud Plaintiff but intentionally and maliciously aided in the scheme by using Motorsports Advertising as an intermediary company between Star Subaru and New Vision Advertising. (R. 25 ¶ 71).
- Filardo made false affirmations and omissions to Plaintiff with intent to defraud and conceal both his own fraudulent conduct and the fraudulent conduct of others. (R. 27-28 ¶ 92).
- Defendants had an independent duty to disclose material facts regarding Filardo's creation of Motorsports Advertising to defraud Star Subaru. Defendants knowingly concealed the existence of the scheme. Plaintiff actually and justifiably relied on the false representations shown in financial records and invoices. (R. 30 ¶ 114).

The lower court overlooked these numerous instances where Star Subaru alleged that Defendants committed actual fraud, which are not merely incidental to Plaintiff's conversion claims.

**B.      Plaintiff's Causes of Action Sounding in Fraud Were Timely Filed**

Plaintiff respectfully asserts that the lower court also erred in holding that the "causes of action sounding in fraud, which are incidental to the cause of action for conversion, are likewise time-barred." (R. 6). As detailed above, the causes of action sounding in fraud are not merely incidental to the conversion claim and are standalone claims because the fraud allegations do not rely solely on the elements of a claim for conversion. Scott v Fields, 2011 NY Slip Op 30858(U) (Sup Ct, Nassau County 2011) (denying defendants' argument that fraud allegations were merely incidental to conversion claim where plaintiff alleged defendant made fraudulent statements which plaintiff relied on to her detriment.) As a result, the timeliness of the fraud causes of action must be analyzed under CPLR § 213(8), which provides that there is either (i) a six-year statute of limitations for fraud claims running from the time the cause of action accrued or (ii) a two-year statute of limitations from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered the fraud. CPLR § 213(8). Thus, where allegations of actual fraud are essential (and not merely incidental) to the underlying cause of action, courts apply the six-year statute of limitations under CPLR § 213(8). DiRaimondo v. Calhoun, 131 A.D.3d 1194, 1197, 17 N.Y.S.3d 722, 726 (2d Dep't 2015) (alleging causes of action for breach of fiduciary duty and other causes of action sounding in fraud).

Here, Plaintiff's causes of action sounding in fraud (fourth, fifth, sixth, eighth, and twelfth causes of action) were timely filed. Defendants' fraudulent activities were discovered by Star Subaru shortly after Filardo's resignation in November 2017. Star Subaru could not reasonably have discovered Defendants' fraudulent activity prior to this date because Filardo was Star Subaru's fiduciary. (R. 8). As such, Star Subaru reasonably relied on Filardo to faithfully conduct himself in the performance of his duties. See Andersen v. Weinroth, 48 A.D.3d 121, 136, 849 N.Y.S.2d 210, 222 (1st Dep't 2007) (holding that plaintiff reasonably relied on defendant's representations and was not required to independently investigate those representations where defendant owed fiduciary duty to plaintiff); Mitschele v. Schultz, 36 A.D.3d 249, 253, 826 N.Y.S.2d 14, 18 (1st Dep't 2006) (holding plaintiff justifiably relied on defendant acting in plaintiff's best interest because of their fiduciary relationship); Qosina Corp. v. C&N Packaging, Inc., 96 A.D.3d 1032, 1033, 948 N.Y.S.2d 308, 310 (2d Dep't 2012) ("An employee is also required to make truthful and complete disclosures to those to whom a fiduciary duty is owed.").

Furthermore, Filardo went to great lengths to cover up his fraudulent acts, which included creating a shell company solely for the purpose of defrauding Star Subaru (i.e. Motorsports Advertising), creating false invoices with inflated prices, instructing Star Subaru employees to file claims for money received on select sales, and instructing New Vision Advertising that it should not speak with anybody at Star

Subaru except for Filardo. (R. 18-21 ¶¶ 22-41). Where, as here, a plaintiff is prevented from commencing a timely action by reasonable reliance on the defendant's fraud, misrepresentation, or other affirmative misconduct, the defendant is precluded from prevailing on a statute of limitations defense. See General Stencils, 18 N.Y.2d at 128; Farkas v. Farkas, 168 F.3d 638, 642 (2d Cir. 1999) (noting that intentional concealment of conversion "can be a sufficient basis for estoppel"). Accordingly, Star Subaru could not reasonably have discovered Filardo's fraud at any point prior to his termination.

## III. PLAINTIFF SUFFICIENTLY PLED EACH CAUSE OF ACTION SOUNDING IN FRAUD

The lower court erred in holding that Plaintiff failed to allege the elements of a fraud claim.[2] (R. 7).

In order to state a cause of action for fraud, the complaint must allege five elements: (i) misrepresentation or omission of a material fact, (ii) which a defendant knew to be false (scienter), (iii) made with the intent of inducing the other party to rely on the misrepresentation or omission, (iv) justifiable reliance by the other party on the misrepresentation or omission, and (v) injury. Chung v. Wang, 79 A.D.3d 693, 695, 912 N.Y.S.2d 647, 648 (2d Dep't 2010).

---

[2] The Court dismissed Plaintiff's fourth, sixth, eighth, and twelfth causes of action for failure to meet the statutory heightened pleading standard, even though Defendants only moved to dismiss the eighth and twelfth causes of action on this basis. For sake of completeness, Plaintiff addresses each cause of action above.

In the instant case, the Amended Complaint sufficiently pled each element of a cause of action sounding in fraud. Specifically, Plaintiff alleged that Defendants (i) materially misrepresented Motorsports Advertising's role in the contract between New Vision Advertising and Star Subaru; (ii) intentionally omitted the actual contract price between Star Subaru and New Vision Advertising; and (iii) created fake invoices in furtherance of these misrepresentations. (R. 20-21 ¶¶ 33-41). Filardo's actions of falsifying invoices demonstrates that Filardo was aware he was providing false information and that he was doing so with the intent of inducing Plaintiff to rely upon the false information in making payments. Plaintiff's reliance on Defendants' submissions of these invoices was justifiable due to the fiduciary nature of their relationship. See Mitschele, 36 A.D.3d at 253, 826 N.Y.S.2d at 18. Plaintiff further alleged that they were injured by Defendants' fraudulent activities by losing approximately $1,400,000. (R. 22 ¶ 43).

Even though CPLR § 3016(b) requires factual allegations in support of each element of fraud, the lower court disregarded that a plaintiff need only provide sufficient detail to inform the defendants of the substance of the claims. 936 Coogans Bluff, Inc. v. 936-938 Cliffcrest Hous. Dev. Fund Corp., No. 850011/13, 2017 N.Y. Misc. LEXIS 3268, at *11 (Sup. Ct. N.Y. Cty. 2017) (citing Kaufman, 307 A.D.2d at 120). "[T]he pleading requirements for fraud should not be interpreted so strictly as to prevent an otherwise valid cause of action in situations

where it may be impossible to detail the circumstances constituting a fraud." Id. at *11-12. This is especially true where a defendant's dismissal motion has prevented the plaintiff from obtaining discovery on the precise issues of the elements of the causes of action. See Id. Moreover, in cases involving concealment, a plaintiff will usually be unable to state facts constituting fraud in detail since such facts are "peculiarly within the knowledge of the [defrauding] party." Kaufman, 307 A.D.2d at 120.

Here, Plaintiff has sufficiently pled factual allegations in support of each element of fraud to inform Defendants of the substance of the claims. Indeed, as detailed above, Star Subaru alleges significant details concerning the manner in which Defendants engaged in their fraudulent conduct.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant respectfully prays that this Honorable Court reverse the decision and Order of the trial court below, entered on March 29, 2019, and deny Defendants-Respondents' motion to dismiss.

Dated: Lake Success, New York
      December 30, 2019

Joseph M. Labuda, Esq.
Jamie S. Felsen, Esq.
Jeremy M. Koufakis, Esq.
Gregory C. Brown Jr., Esq.
Milman Labuda Law Group PLLC
Attorneys for Plaintiff-Appellant
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899 (office)
(516) 328-0082 (facsimile)

## PRINTING SPECIFICATIONS STATEMENT

### Pursuant to 22 NYCRR § 1250.8(j)

The foregoing brief was prepared on a computer. A proportionally spaced typeface was used, as follows:

Name of typeface:  Times New Roman

Point size:        14, with 12 point in footnotes

Line spacing:      Double

The total number of words in the brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of citations, proof of service, certificate of compliance, or any authorized addendum containing statutes, rules, regulations, etc. is 5,563.

## STATEMENT PURSUANT TO CPLR 5531

# 𝔑𝔢𝔴 𝔜𝔬𝔯𝔨 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔆𝔬𝔲𝔯𝔱

## APPELLATE DIVISION — SECOND DEPARTMENT



STAR AUTO SALES OF QUEENS LLC
D/B/A STAR SUBARU,

*Plaintiff-Appellant,*

*against*

DOUGLAS FILARDO and SUBARU MOTORSPORTS
D/B/A MORTORSPORTS ADVERTISING,

*Defendants-Respondents.*

**Docket No.
2019-05817**

1. The index number of the case in the Court below is 717443/17.

2. The full names of the original parties are set forth above. There has been no change to the caption.

3. The action was commenced in the Supreme Court, Queens County.

4. This action was commenced on or about December 15, 2017 by the filing of a Summons and Verified Complaint which was served on December 22, 2017. An Amended Verified Complaint was filed on March 1, 2018.

5. The nature and object of the action: Defendant Douglas Filardo engaged in various illegal and improper schemes throughout his entire period of employment with Plaintiff Star Subaru, and as a result of Filardo's conduct, Plaintiff has been damaged.

6. The appeal is from the Order of the Honorable Marguerite A. Grays, dated March 29, 2019.

7. This appeal is being perfected with the use of a fully reproduced Record on Appeal.