UNITED STATES BANKRUPTCY COURT  Return Date: 01/10/22 @ 9:30 a.m.
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                      **Chapter 13**
*In re:*                    Case No.: 8-21-71691-REG

**DOUGLAS J. FILARDO,**

            **Debtor.**
------------------------------------------------------------x

### REPLY TO THE OPPOSITION TO OBJECTION TO CLAIM FILED BY STAR SUBARU AND LIMITED OPPOSITION TO CROSS MOTION FILED BY STAR AUTO SALES OF QUEENS, LLC d/b/a STAR SUBARU

**TO: THE HONORABLE ROBERT E. GROSSMAN**
    **UNITED STATES BANKRUPTCY JUDGE:**

Douglas J. Filardo, the Chapter 13 Debtor (the "Debtor") herein, by his attorneys, The Law Office of Ronald D. Weiss, P.C., as and for his Reply to the Opposition to the Objection to Claim filed by Star Subaru and in Limited Opposition to the Cross-Motion filed by Star Auto Sales of Queens, LLC d/b/a Star Subaru seeking, *inter alia*, the entry of an Order (i) dismissing the Debtor's Chapter 13 case pursuant to 11 U.S.C. Section 109 (e) or (ii) alternatively, modifying the automatic stay solely to allow the State Court to proceed with an Inquest respectfully represents as follows:

### BACKGROUND

1. On September 27, 2021, (the "Filing Date"), the Debtor filed a voluntary petition for relief from his creditors under Chapter 13 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code").

2. Michael J. Macco, Esq. is the Chapter 13 Trustee, duly qualified and acting as such.

1

## RELIEF REQUESTED

3. The bar date for filing Proofs of Claims against this Bankruptcy Estate was set by the Clerk of the Bankruptcy Court in this Chapter 13 case for December 6, 2021. The bar date for governmental units was set for March 26, 2022. Star Auto Sales of Queens, LLC d/b/a Star Subaru ("Star Subaru") filed a proof of claim number 8-1 in the sum of $3,499,924.40 on November 2, 2021.

4. Pursuant to § 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto. Moreover, under Bankruptcy Rule 3001(f), a Proof of Claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Unless objected to, the proof of claim of Star Subaru will be considered valid. On November 16, 2021, the Debtor filed an Application seeking to object to Star Auto's Proof of Claim pursuant to 11 U.S.C. § 502(b)(1) and Bankruptcy Rules 3007 and EDNY LBR 3007-1.

5. The Debtor adopts and incorporates by reference all of the arguments he made in support of his Objection to the Claim of Star Subaru filed on November 16, 2021.

6. By way of background and on or about December 15, 2017, Star Subaru commenced an action against the Debtor entitled *Star Auto Sales of Queens, LLC d/b/a Star Subaru v. Douglas Filardo and Subaru Motorsports d/b/a Motorsports Advertising* pending in Supreme Court, State of New York, County of Queens under Index # 717443/2017 seeking, *inter alia*, to recover on causes of action for aiding and abetting fraud, civil conspiracy, fraud and deceit, unjust enrichment, money had and received, fraud by non-disclosure, promissory estoppel, breach of fiduciary duty, breach of the duty of loyalty, violation of the faithless service doctrine, conversion and fraudulent

concealment by fiduciary (the "State Court Action"). Star Subaru then filed an Amended Complaint on March 1, 2018.

7.In an Order issued by Judge Grays in the State Court Action on March 29, 2019[1] (The "March 29 Order"), the Debtor was successful in dismissing the Plaintiff's Second Cause of Action for Breach of the Duty of Loyalty, the Third Cause of Action under the Faithless Servant Doctrine, the Fourth Cause of Action for Aiding and Abetting Fraud, the Fifth Cause of Action for Conversion, the Sixth Cause of Action for Fraudulent Concealment by Fiduciary, the Seventh Cause of Action for Civil Conspiracy, the Eight Cause of Action for Fraud and Deceit, the Tenth Cause of Action for Unjust Enrichment and the Twelfth Cause of Action for Fraud by non-Disclosure. The Fourth Cause of Action sought a liquidated amount of not less than $1,855,000.00; and the Seventh Causes of Action for Civil Conspiracy sought liquidated damages between $455,000.00 and $1,400,000.00.

8. As stated in Star Subaru's Opposition and Cross Motion, they filed an Appeal of the March 29 Order (which they refer to as the April 19 Order). Star Subaru claims that if they are successful in overturning the March 29 Order on appeal, it would automatically add an additional $1,151,165.63 of unsecured debt to their claim, thereby making the Debtor ineligible for relief under Chapter 13. The flaw in this line of reasoning (and as conceded by Star Subaru) is that their appeal of the March 29 Order is currently prevented from going forward by operation of the automatic stay provisions of 11 U.S.C. Section 362. Star Subaru has not sought vacatur of the automatic stay in order to proceed further with this appeal. See *In re Metz* 165 B.R. 769 (Bankr.E.D.N.Y. 1994) vacating automatic stay so as to permit creditor to pursue appeal in state court of denial of its claim for deficiency judgment. Where the action was initiated against the

---

[1] Debtor erroneously listed the March 29 Order as being entered on March 29, 2021. The Debtor apologizes for any inconvenience.

Debtor, no party to the action may appeal absent relief from the automatic stay. Because no entity, including a Debtor, may limit or waive the stay, nor appeal during the stay's pendency, the only option is to obtain relief from the stay, and this may only be sought from the bankruptcy judge. See *In re Capgro Leasing Associates* 169 B.R. 305, 311 (Bankr.E.D.N.Y. 1994) citing *Barbier v. Shearson Lehman Hutton, Inc.,* 943 F.2d 249, 250 (2d Cir.1991) (citing 11 U.S.C. § 362(d), (f)); *Cathey,* 711 F.2d at 62–63; *Ellison v. Northwest Engin. Co.,* 707 F.2d 1310, 1311 (11th Cir.1983); *In re Holtkamp,* 669 F.2d 505, 507 (7th Cir.1982). By virtue of the fact that the Appeal of the March 29 Order (referred to by Star Subaru as April 19 Order) is now stayed by the Debtor's Bankruptcy Filing, as they have not taken any actions to vacate and/or modify the stay to prosecute said appeal, their argument that if they are successful on appeal their unsecured debt will increase to $1,151,165.63 is a non-sequitur.

8. It should also be noted that on or about May 20, 2019, Star Subaru filed a Motion to Reargue the dismissal of the causes of action delineated in Judge Gray's March 29 Order. Star Subaru's Motion to Reargue was denied by Order of the Court entered on October 30, 2019 (the "October 30 Order"). No appeal of that Order was taken. By virtue of the fact that the October 30 Order is now final and non-appealable, the Bankruptcy Court must afford same with full faith and credit under the Full-Faith-and-Credit Statute of 28 U.S.C. § 1738. Moreover, should Star Subaru be attempting to utilize the Bankruptcy Court as an alternate forum to seek redress of the terms of either the March 29 Order or the October 30 Order, same would be prevented by the Rooker-Feldman Doctrine. Annexed to this Reply as **Exhibit "A"** is a true copy of Star Subaru's Motion to Reargue and October 30 Order.

9. As aforementioned, according to the March 29 Order issued by Judge Grays, the Debtor was successful in dismissing the Plaintiff's Second Cause of Action for Breach of the Duty

of Loyalty, the Third Cause of Action under the Faithless Servant Doctrine, the Fourth Cause of Action for Aiding and Abetting Fraud, the Fifth Cause of Action for Conversion, the Sixth Cause of Action for Fraudulent Concealment by Fiduciary, the Seventh Cause of Action for Civil Conspiracy, the Eight Cause of Action for Fraud and Deceit, the Tenth Cause of Action for Unjust Enrichment and the Twelfth Cause of Action for Fraud by non-Disclosure. The Fourth Cause of Action sought a liquidated amount of not less than $1,855,000.00; and the Seventh Causes of Action for Civil Conspiracy sought liquidated damages between $455,000.00 and $1,400,000.00.

10. The remaining cause of action (Breach of Fiduciary Duty, Breach of Duty of Loyalty, Faithless Servant Doctrine, Promissory Estoppel and Monies had and received) do not seek a monetary amount. Unfortunately, for the Debtor (who during the latter part of the State Court Proceeding was representing himself pro-se), his answer was stricken due to his failure to submit to a deposition by Star Subaru. The remaining aforementioned causes of action were set down for an inquest hearing to determine the amount owed to Star Subaru on these. Said Inquest hearing was stayed as a consequence of the Debtor's Chapter 13 filing on September 27, 2021. As of this date, there has not been any determination as to the amount owed to Star Subaru (if any), and at present their claim remains unliquidated.

11. Under 11 U.S.C. 109(e), in order to be eligible for Chapter 13 relief, the Debtor must have noncontingent liquidated unsecured debts of less than $419,275.00 and noncontingent liquidated secured debts of less than $1,257,850.00.

12. It has been established by precedent that a debt is liquidated for purposes of 1 1 U.S.C.§ 109(e) when the claim can be readily determined by reference to an agreement or simple mathematical computation. *In re Stebbins*, 2015 WL 792095 (Bankr. E.D.N.Y. 2015 citing *In re Mazzeo*, 131 F.3d 295, 304 (2d Cir 1997)

13. The terms "liquidated" and "unliquidated" generally refer to a claim's value (and the size of the corresponding debt and the ease with which that value can be ascertained. *Mazzeo* Id at 304; see also, e.g., *United States v. Verdunn*, 89 F.3d 799, 802 (lIth Cir.1996), *In re Knight*, 55 F.3d at. 235; *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987). "The concept of liquidation for purposes of section 109(e) relates only to the amount of liability not the existence of liability," *United States v. Verdunn*, 89 F.3d at 802 n. 10. If "the value of the claim is easily ascertainable," it is generally viewed as liquidated. *In re Knight*, 55 F.3d at 235. If that value depends instead on "a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated." (debt is liquidated if its value "has been ascertained or can readily be calculated"); *In re Fostvedt*, 823F.2d at 306 (debt is liquidated if it is "subject to ready determination and precision in computation of the amount due".

14. That is not the case here. The remaining causes of action in the complaint against Filardo (Breach of Fiduciary Duty, Breach of Duty of Loyalty, Faithless Servant Doctrine, Promissory Estoppel and Monies had and received) do not claim any monetary amount. The Court has to assess a monetary amount for these remaining causes of action after inquest. As such, because the debt owed to Star Auto Sales of Queens, LLC d/b/a Star Subaru is not easily ascertainable and cannot be determined by reference to an agreement or by a simple computation it is not liquidated. Moreover, there is no guarantee that if Judge Grays conducts an inquest that she will award anything to Star Subaru on the remaining causes of action, let alone an amount which exceeds the unsecured debt limitations to preclude the Debtor from Chapter 13 Debtor eligibility under I l U.S.C. Section 109(e).

15. Unless damages sought in an action are for a "sum certain or for a sum of by which can by computation be made certain, a judgment against a defaulting party may be entered only upon application to the court along with notice to the defaulting party and a "full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages" *Rokina Optical Co., Inc. v. Camera King, Inc.*, 63 N.Y.2d 728, 730 (Ct. Of Appeals NY 184) citing *Reynold Securities v. Underwriters Bank & Trust Company 44 NY 2d 568, 406 N.Y.S.2d 743 378 N.E.2d 106.* The rationale for this rule is that '[A] defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages "Rokina *Optical* Id at 730 citing *McClelland v. Climax History Mills*, 252 N.Y. 347, 169 N.E. 605). Accordingly, while the Debtor will be precluded from introducing evidence tending to defeat Plaintiff Star Subaru Auto's remaining causes of action at the Inquest Hearing, he will be able to introduce evidence "involving circumstances intrinsic to the transaction at issue that, if proven, will be determinative of the Plaintiff's real damages, which cannot be established by the mere fact of Defendant's default." *Rokina,* Id at 731. Predicated upon same, the Debtor will be able to mitigate and/or eradicate the amounts claimed to be owed by him by Star Subaru at the Inquest Hearing

16. Additionally, CPLR 3215(f), the applicable provision dealing with notice with Default Inquest hearings, has been construed to provide the Defendant with an opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages" *Yeboah v. Gaines Service Leasing 250* A.D. 2d 453, 454 (1st Dept. 1998) at 454 citing *Reynolds Sec. v. Underwriters Bank and Trust Co.*, 44 NY2d 568, 572.

17. Accordingly, even if Star Subaru does proceed to Inquest upon its claim, based upon the applicable legal precedent and safeguards of CPLR 3215(b) and (f) which permit the Debtor defendant to cross-examine witnesses, give testimony and offer proof in mitigation of damages, there is no guarantee that the State Court Judge will award Star Subaru any damages on the remaining causes of action which compose their proof of claim to preclude the Debtor from eligibility to be a Chapter 13 Debtor under 11 U.S.C. Section 109(e).

18. Star Subaru correctly states that the Defendant's Answer in the State Court Action was indeed stricken due to his failure to respond to Plaintiff's Discovery Demands. However, in reviewing the Affirmation of Jamie Fielson annexed to Star Subaru's Proof of claim, the Creditor references the case of *Rawlings v. Gilbert* 104 AD3d 929 (2d Dept 2013) for the assertion that '[A] defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages' " However, *Rawlings* goes on further to state that where an entry of a default judgment against a defendant is made after an application to the court, the defendant is entitled to a " 'full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages' " *Rawlings, Id* at 931 citing (*Napolitano v Branks*, 128 AD2d at 687, quoting *Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]; *see Godwins v Coggins*, 280 AD2d 582, 582 [2001]), accord *Yeboah v. Gaines Service Leasing*, 250 AD2d 453 (1st Dept 1998). Therefore, Star Subaru has conceded that there has been no determination of any liability.

19. Star Subaru claims that its damages are equally ascertainable under the Faithless Servant Doctrine. In support of which, Star Subaru cites the cases of *City of Binghamton v. Whalen*, 141 AD3d 145 (App.Div. 3d Dept 2016) and *Calderon v. Mullarkey Realty, LLC*, 2018 U.S.Dist. LEXIS 97224 (E.D.N.Y. 2018). However, crucial to the Court's determination of the Defendant's liability under the Faithless Servant Doctrine in *City of Binghamton* was the Defendant's admission that he admitted stealing $50,000.00 from the Plaintiff, stating that "There is no dispute that defendant's admission to stealing more than $50,000 from plaintiff over the course of a nearly six-year period constitutes conclusive proof of such facts and established plaintiff's entitlement to judgment as a matter of law on the issue of liability" *Binghamton v. Whalen*, Id at 147. In *Calderon*, the recovery on the Faithless Servant Doctrine in that case occurred when the jury was able to compute the amount of damages after a trial on the merits with regards that issue. In the present case, the Debtor has not affirmatively made any admission of stealing any monies from Star Subaru to impute liability on him under the Faithless Servant Doctrine and has vigorously denied said allegations. Moreover, there has been no hearing on the computation of damages in the State Court Action with regards the Faithless Servant Doctrine. Additionally, even if Star Subaru's interpretation of the March 29 Order is correct, they would be limited to any such violations after December 2014.

20. Star Subaru also cites the cases of *In re Stebbins*, 2015 Bankr. Lexis 551 (Bankr.E.D.N.Y. Feb 24 2015) and *In Re Murphy* 374 B.R.73 (Bankr.W.D.N.Y. 2007) for the argument that their indebtedness is both readily ascertainable and liquidated so as to preclude the Debtor from eligibility for Chapter 13 relief under 11 U.S.C. Section

9

109 (e). However, the facts of both cases are inapposite to this situation. In *Stebbins*, Debtor's counsel believed that he had to wait for the mortgagee to make a motion for deficiency judgment under RPALL Section 1371 before a liquidated amount could be determined. In *Murphy*, the Debtor attempted to list legal fees owed to Logan- Baldwin in the sum of $524,556.84 as both disputed and unliquidated under 11 U.S.C. Section 109(e). In overruling the Debtor's classification for this debt on his petition and schedules, the Court in *Murphy* noted that debt of Logan- Baldwin was a noncontingent, liquidated, unsecured debt for purposes of the unsecured debt limits computation and eligibility analysis of Section 109 (e) because: (1) Logan–Baldwin had presented the Debtor with the invoice that indicated a balance due for legal services of $524,556.84, and there was no evidence in the record that at any time prior to the date he filed his petition the Debtor ever notified Logan–Baldwin that he objected to the Invoice in whole or in part and (2) the Debtor had affirmed in an Affidavit that the Logan–Baldwin Debt, as evidenced by the invoice, was indeed due. In the present case, the Debtor has not made any representations or affirmative admissions, either by his conduct or otherwise, that he owes any monies to Star Subaru on their Amended Complaint, let alone under the Faithless Servant Doctrine.

21. The Debtor did not make any purposeful misrepresentations. The March 29 Order did indeed dismiss the First Cause of Action in Star Subaru's Amended Complaint for breach of fiduciary duty, the Second Cause of Action for the breach of the duty of loyalty and the Third Cause of Action for breach of the faithless servant doctrine. In reviewing the Amended Complaint, nowhere do these causes of action state for what time period or for what specific amount they are seeking damages from the

Debtor under these causes of action. Therefore, the Debtor's interpretation that these causes of action were dismissed by the March 29 Order on the grounds of statute of limitation is not incorrect. See **Exhibit "B"** of Debtor's Motion Objecting to Claims.

22. Star Subaru claims that the Debtor's Affidavit should be stricken. Ostensibly, Star Subaru appears to take issue with the Debtor's invocation of his Fifth Amendment Right against self-incrimination at a deposition. It has been established by precedent that while the Fifth Amendment states only that "[n]o person ... shall be compelled in any criminal case to be a witness against himself," U.S. Const. amend. V, there is no question that an individual is entitled to invoke the privilege against self-incrimination during a civil proceeding. See *U.S. v. Certain Real Property and Premises Known as 4003-4005 5th Ave. Brooklyn, NY*, 55 F3d 78,82 (2d Cir 1995) citing *Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 Sects. 316, 322, 38 L.Ed.2d 274 (1973) (explaining that the Fifth Amendment permits an individual "not to answer official questions put to him in any ... proceeding, civil or criminal, formal or informal, where the answer might incriminate him"). And this means that a civil litigant may legitimately use the Fifth Amendment to avoid having to answer inquiries during any phase of the discovery process. *See* 8 Charles A. Wright, Arthur R. Miller and Richard L. Marcus, *Federal Practice and Procedure* § 2018, at 273 (2d ed. 1994) [hereafter Wright, *Federal Practice* ] ("[C]ours have repeatedly held that the privilege against self-incrimination justifie[s] a person in refusing to answer questions at a deposition, or to respond to interrogatories, or requests for admissions, or to produce documents." (footnotes omitted)). As such, the Debtor was fully within his rights to assert the Fifth Amendment privilege during his deposition.

23. Moreover, during the State Court Action, Star Subaru filed a Motion to Compel the Debtor to respond to Star Subaru's First Request for Production of Documents and First Set of Interrogatories. In their Motion to Compel, Star Subaru, argued, *inter alia*, that the Debtor invoked his Fifth Amendment privilege as a general objection to all of Star Subaru's interrogatories and document demands, and in response to sixteen (16) of Star Subaru's document demands. Notwithstanding this and other arguments raised by Star Subaru, Judge Grays, in an order filed on March 27, 2020 (the "March 27 Order") denied Star Subaru's Motion to Compel Discovery, stating that the principles of disclosure did not give a party the right to uncontrolled and unfettered disclosure. Moreover, Judge Grays ruled that the burden on serving a proper demand was upon Counsel, and not for the Court to correct a palpably bad demand. Such was the case for Star Subaru's Discovery Demands in that matter. As such, their Proof of Claim is not the first time that Star Subaru has unsuccessfully taken umbrage with the Debtor's use of the Fifth Amendment right against self-incrimination. Annexed as **Exhibit "B"** are the relevant pages of the March 27 Order.

24. Alternatively, Star Subaru has sought vacatur of the automatic stay under 11 U.S.C. Section 362 for the purpose of proceeding with its Inquest Hearing before Judge Grays in the State Court Action. As to this Application for relief, the Debtor has no opposition to Star Subaru's vacatur of the automatic stay so as to obtain a determination of the amount of monetary damages it may be awarded on its remaining causes of action. However, Star Subaru must be prevented from obtaining any ruling in the State Court Action that any monetary damages which may ultimately be awarded to Star Subaru at the Inquest are also non-dischargeable under 11 U.S.C. Section 523.

25. It has been established by precedent that only the United States Bankruptcy Court is the sole authority to determine whether Plaintiff Creditor Star Subaru's claims are non-dischargeable under 11 U.S.C. Section 523(a)(2)- for false pretenses, false representation or actual fraud 523(a)(4)- for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny or 523 (a)(6)- for willful and malicious injury by the Debtor to another entity or to the property of another entity. See *In re Wisell*, 494 B.R. 23, 34 (Bankr.E.D.N.Y. 2011) citing *Grogan v. Garner,* 498 U.S. 279, 283–84, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ("The validity of a creditor's claim is determined by rules of state law ... Since 1970, however, the issue of nondischargeability has been a matter of federal law governed by the terms of the Bankruptcy Code") (citing *Vanston Bondholders Protective Comm. v. Green,* 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946), and *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)). Accord *In re DiGeronimo* 354 B.R. 625, 639 (Bankr E.D.N.Y. 2006).

26. 11 U.S.C. Section 523 (c) (1) of the Code states that determinations of nondischargeability under § 523(a)(2), (4), (6) must be made by the bankruptcy court prior to discharge or the debt will be discharged under § 727. 11 U.S.C. § 523. The prevailing interpretation of this provision, by courts in this and other circuits, is that federal courts have exclusive jurisdiction to determine whether an exception to dischargeability exists pursuant to § 523(a)(2), (4), (6) See *In re Rey* 324 B.R. 449, 455 (Bankr.E.D.N.Y. 2005) citing *Charell v. Gonzalez (In re Gonzalez),* 241 B.R. 67, 72 (S.D.N.Y.1999); *In re Massey,* 228 B.R. 686, 690 (Bankr.S.D.Ind.1998), *citing Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767

(1979); *Collier on Bankruptcy,* 523.03, 523–18, *citing* 1983 Advisory Committee Note to Fed. R. Bankr.P. 4007.

27. Predicated upon same, the Debtor has no opposition for the automatic stay being vacated for the limited purpose of allowing Star Subaru to proceed to inquest to determine the amount of damages (if any) that they are entitled to on their remaining cause of actions. Star Subaru must not be permitted to obtain any determinations as to the non-dischargeability of any damages it may be awarded in connection with the Inquest Hearing, as said determinations can only be rendered under the exclusive jurisdiction of the United States Bankruptcy Court.

**SUMMARY OF DEBTOR'S POSITION**

28. Star Subaru's putative debt is unliquidated and can only be determined for a sum certain amount after an Inquest is conducted by Judge Grays in the State Court Action. Although the Debtor is precluded from introducing new evidence at that time, he will be permitted at the inquest to cross-examine Star Subaru's witnesses, give testimony and offer proof in mitigation of damages. The Debtor at the Inquest hearing will also be to introduce evidence involving circumstances intrinsic to the transaction at issue that, if proven, will be determinative of the Plaintiff's real damages (or the lack thereof), which cannot be established by the mere fact of Defendant's default. Moreover, even after the Inquest is conducted, there is no guaranty that the State Court will award anything to star Subaru, let alone a liquidated amount which would make the Debtor ineligible for relief under Chapter 13 under 11 U.S.C. Section 109(e).

29. Predicated upon the extensive litigation and history of the State Court Action (which has been pending in excess of four years), the Debtor agrees that the stay should be vacated for the limited purpose of permitting Star Subaru to continue with its

Inquest Hearing to determine the extent (if any) of Star Subaru's damages claim against the Debtor on the remaining causes of action in its Amended Complaint. Notwithstanding vacatur of the stay, the Debtor asserts that the State Court must be precluded from making any rulings or determinations that any damages awarded in favor of Star Subaru at the inquest are non-dischargeable against the Debtor under 11 U.S.C. Section 523. Any and all determinations as to the dischargeability of debt under 11 U.S.C. Section 523 must be made by the Bankruptcy Court, which is the only forum with the exclusive jurisdiction to make such findings.

**WHEREFORE,** the Debtor, Douglas J. Filardo, respectfully requests that Cross-Motion filed by Star Auto Sales of Queens, LLC d/b/a Star Subaru seeking, *inter alia*, the entry of an Order dismissing the Debtor's Chapter 13 case pursuant to 11 U.S.C. Section 109(e) be denied in its entirety. With regards Star Subaru's request modifying the automatic stay solely to allow the State Court to proceed with an Inquest, the Debtor has no opposition for the automatic stay being vacated for the limited purpose of allowing Star Subaru to proceed to inquest to determine the amount of damages (if any) that they are entitled to on their remaining cause of actions. Notwithstanding vacatur of the stay, the Debtor asserts that Star Subaru must not be permitted to obtain any determinations as to the non-dischargeability of any damages it

may be awarded in connection with the Inquest Hearing, as said findings relative to the dischargeability (or non-dischargeability) of a debt can only be rendered under the exclusive jurisdiction of the United States Bankruptcy Court.

Dated: Melville, New York
       December 30, 2021

                                      RONALD D. WEISS, P.C.
                                      *Attorneys for the Debtor*

                                      */s/ Michael Farina*
                                      Michael Farina, Esq.
                                      734 Walt Whitman Road, Suite 203
                                      Melville, New York 11747
                                      Tel: (631) 271-3737
                                      Fax: (631) 271-3784


**TO:**    **OFFICE OF THE UNITED STATES TRUSTEE**
          **560 Federal Plaza**
          **Central Islip, N. Y. 11722**

          **MICHAEL J. MACCO, CHAPTER 13 TRUSTEE**
          **2950 Express Drive South**
          **Suite 109**
          **Islandia, NY 11749**

          **STAR AUTO SALES OF QUEENS, LLC**
          **d/b/a STAR SUBARU**
          **c/o**
          **BERGER, FISCHOFF, SHUMER**
          **WEXLER & GOODMAN, LLP**
          **6901 Jericho Turnpike**
          **Suite 230**
          **Syosset, NY 11791**
          **Attention: Gary C. Fischoff, Esq.**

          **STAR AUTO SALES OF QUEENS, LLC**
          **d/b/a STAR SUBARU**
          **c/o**
          **MILMAN LABUDA LAW GROUP PLLC**
          **3000 Marcus Avenue**
          **Suite 3W8**
          **Lake Success, NY 11042**
          **Attention: Joseph M. Labuda, Esq.**

**STAR AUTO SALES OF QUEENS, LLC**
**d/b/a STAR SUBARU**
**c/o**
**MILMAN LABUDA LAW GROUP PLLC**
**3000 Marcus Avenue**
**Suite 3W8**
**Lake Success, NY 11042**
**Attention: Jamie S. Felsen, Esq.**