EXHIBIT "B"

Plaintiff argues that defendant Filardo invoked his Fifth Amendment privilege as a general objection to all of plaintiff's interrogatories and document demands, and in response to sixteen (16) of plaintiff's document requests (Numbers 1, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 22, 30, 34, and 36), without making a particularized objection to each request and remitting the issues to the court for an in-camera review. Plaintiff contends that defendants also failed to provide a privilege log for items in plaintiff's Document Demand which defendants assert the attorney-client privilege (Numbers 1, 2, and 4 to 36), in compliance with the applicable Commercial Division Rules (22 NYCRR §202.70 Rule 11-b). Plaintiff further contends that in response to certain of plaintiff's Document Demand numbers 1, 2, 4, 10, 13-23, 30, 33, 34, and 35, defendants stated they would produce non-privileged documents that are in defendants' possession and/or control, however, they have failed to produce any documents.

In opposition to plaintiff's motion, defendants argue that the instant motion is "hasty" in light of defendants' prior motion seeking a stay of discovery which, if granted, will render this motion moot[1], and, alternatively, plaintiff's demands are over broad and fail to demonstrate that the information sought is material and necessary to the prosecution of this action pursuant to CPLR §3101.

CPLR §3101(a) and (1) provide that there shall be full disclosure of all matters material and necessary in the prosecution or defense of an action regardless of the burden of proof, by, *inter alia*, a party (*Matter of Elliot P.N.G.*, 2020 NY Slip Op 02091 [March 25, 2020]). The words "material and necessary" are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist in preparation for trial by sharpening the issues and reducing delay and prolixity; the test is one of usefulness and reason (*Matter of Elliot P.N.G.*, 2020 NY Slip Op 02091 [March 25, 2020]). If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or for cross-examination in rebuttal, it should be considered material (*Matter of Elliot P.N.G.*, 2020 NY Slip Op 02091 [March 25, 2020]).

This is not to say that *carte blanche* demands are to be honored (*Lopez v. Huntington Autohaus*, 150 AD2d 351 [1989]). The principle of "full disclosure" does not give a party the right to uncontrolled and unfettered disclosure (*Mendives v. Curcio*, 17 AD3d 796 [2019]). The supervision of disclosure and the setting of reasonable terms and conditions therefore rests within the sound discretion of the Court and, absent an improvident exercise of that discretion, its determination will not be disturbed (*Mendives v. Curcio*, 17 AD3d 796 [2019]). Where discovery demands are palpably improper because they are overbroad, burdensome, fail to specify with reasonable particularity many of the documents demanded, or seek irrelevant or confidential information, the appropriate remedy is to vacate the entire demand rather than to prune it (*Bell v. Cobble Hill Health Center, Inc.*, 22 AD3d 620 [2005]; *Astudillo v. St. Francis -Beacon Extended Care Facility, Inc.*, 12 AD3d 469 [2004]; *Bettan v. Geico General Insurance Co.*, 296 AD2d 469 [2002]). The burden of serving a proper demand is upon counsel, and it is not for the Court to correct a palpably bad demand (*Bell v. Cobble Hill Health Center, Inc.*, 22 AD3d 620 [2005]; *Lopez v. Huntington Autohaus*, 150 AD2d 351 [1989]; *Matter of New York Central Mutual Fire Insurance*

---

[1] Defendants' motion to stay discovery in this action [Motion Sequence Number 4] was denied by Order dated May 11, 2020.

Co.v. *Librizzi*, 106 AD3d 921 [2013]).

Such is the case herein with regard to plaintiff's demands. Under the circumstances, the branch of plaintiff's motion for an Order compelling defendants to respond to plaintiff's First Request for Production of Documents and First Set of Interrogatories to Douglas Filardo, both dated July 22, 2019, is denied. Plaintiff's First Request for Production of Documents and First Set of Interrogatories to Douglas Filardo, both dated July 22, 2019, are hereby vacated, and plaintiff is granted leave to re-serve upon defendants discovery demands proper in scope.

The branch of the motion for an Order compelling defendants to submit a privilege log with respect to each discovery response for which they assert the attorney-client privilege, is accordingly denied.

Dated: 5/27/20

MARGUERITE A. GRAYS
J.S.C.

**FILED**

**5/28/2020**
**10:37 AM**

**COUNTY CLERK**
**QUEENS COUNTY**